Burkin, J.
 

 As the defendant appealed only from that part of the. order which refused his motion to deliver up the bond which he had been required to give, and ordered it to be-retained, the Court does not consider any other question that might be made on other parts of the order. On that, the Court is of opioion, there is error. The effect of the order is, to lay the executor under bonds for his administration of the estate, and the performance of the decrees in the cause, as the alternative of having the estate taken out of his hands,- and put into those of a receiver. We think this is not a case for the appointment of a receiver. There does not appear to be any change, for the worse at least, in the property or credit of the executor, since the death of the testator, or even the making of his will. The mere poverty of the. executor, doesmot
 
 *394
 
 authorise the Court, against the will of the testator, to remove him by placing a receiver in his place. There must be, in addition, some mal-administration, or some danger of loss from the misconduct or negligence of the executor, for which he will not be able to answer by reason of his insolvency. That seems to be the well-settled rule. Now, the affidavit of the plaintiff, to his bill, is the only evidence to any of those points, and the bill is framed, mostly, upon the information of others, and not upon the personal knowledge of the plaintiff. But, both with respect to the general charge, as to the meanness of the defendant’s circumstances, and the few particular allegagations of negligence or mismanagement, the answer of this defendant is full and precise in the negative. It is clear, that, with regard to the slave, whom the defendant imprisoned for the purpose of selling, and was only restrained from selling, before much expense had been incurred, by the acts of his co-executor, his conduct was that of an honest and careful executor. He did just whathe oughtto have done. ITe denies directly, and positively, having appropriated any of the assets to his own affairs, or to have used, in any wajr, any portion of them, except small sums within the amount of the usual commissions allowed by law to an executor. Even to that extent, the Court does not approve of an executor’s applying the funds for his own benefit. But it is certainly not such a
 
 devastavit
 
 as authorises an inference, that the estate is in jeopardy, or will not be faithfully administered, and duly accounted for. The answer, indeed, states that most of the funds of the estate, which had been collected, were in deposit in one of the banks in Newbern, where the parties are now residing; so that, if it were not true, it might easily have been sliowm by reference to the bank, and the affidavit of one of its officers. The only pretext for a receiver, as far as the case appears in these proceedings, is the misunderstanding between the two executors. But that is not sufficient of itself, or in connection with the limited circumstances of the defendant, Fisher. It does not appear by the fault of which of them it has arisen. But if it did, it would be a novel proceeding, not to appoint a receiver
 
 *395
 
 for the estate, but only for the part of it in the hands of one executor, leaving the other to administer the other part in the name of himself and his co-executor, as has been done here by the consent of the plaintiff, by discharging Williams from the bond, which he gave, by way of superseding the order for a receiver. Considering the bill and answer as affidavits, the Court does not consider any thing in the past course of Eisher, or any hazard to the estate to be justly apprehended for the future, for which a receiver ought to have been appointed, or he put under bond in place of appointing a receiver. Indeed, the very fact that he has been able to give a satisfactory bond, in the heavy penalty of §12.000, to perform the decree, furnishes the strongest evidence that the plaintiff’s apprehensions of his insolvency or suspicions of his integrity, were unfounded.
 

 So much of the decree, as was appealed from, must, therefore, be reversed, and the bond given by the appellant, can-celled or surrendered up to him; which will be certified to the Court of Equity. The appellant is entitled to costs in this Court.
 

 Per Curiam, Order below reversed.