# WHEELING.

## WILSON et al. v. MADDOX et al.

### Submitted January 30, 1899—Decided June 17, 1899.

1. RECEIVER—*Appointment—Pleading.*

    The bill must lay the foundation for the appointment of a receiver, by stating the facts which show the necessity and propriety of it. (p. 649.)

2. RECEIVER—*Application—Bill in Equity—Prayer for Specific Relief.*

    When the application for a receiver is made before decree, it will not be granted, unless the bill contains a specific prayer that a receiver may be appointed; and the facts relied on for this character of relief should be distinctly and specifically set forth, and not merely alleged in general terms. (p. 649).

3. BILL IN EQUITY—*Denial by Answer.*

    When the equities of the bill are fully and fairly denied by answer, unless the plaintiff overcomes such denial by other testimony, the question should no longer be regarded as one addressed to the discretion of the court, but it is error to appoint a receiver when the charges of the bill are so denied. (p. 650).

4. EQUITY PLEADING—*Demurrer—Summons—Motion to Quash.*

    When a demurrer to a bill has been sustained, and leave granted plaintiff to file an amended bill at rules, it is error to quash a writ of summons issued in the cause to answer such amended bill "upon the ground that such process issued before the amended bill was filed at rules." (p. 651).

Appeal from Circuit Court, Harrison County.

Suit by Bettie Wilson and others against Sarah A. Maddox and others. Decree for plaintiffs. Defendants appeal.

*Reversed.*

W. W. BRANNON for appellants.

LEWIS C. LAWSON, for appellees.

MCWHORTER, JUDGE:

James Maddox and Sarah Ann Maddox, his wife, by

deed of January 31, 1893, conveyed to Irvin Stutler a certain tract of one hundred and twenty-five acres of land on Buffalo creek, in Harrison County, for the consideration, as set out in the deed, "of their affection for the party of the second part, whom they raised from a child," and the further consideration of five dollars paid, and reserved in said deed, for the benefit of Sarah A. Maddox, the mansion house, and forty acres of land adjoining thereto, whenever she should desire it, which house and forty acres were to remain in her possession and under the control of said Sarah Ann Maddox during her lifetime, and at her death all right of possession and title should revert to said Irvin Stutler, his heirs and assigns. Soon after the execution of the deed, James Maddox died, having bequeathed all his personal estate to his said wife, Sarah. After his death, Mary A. Hoff, Charles S. Maddox, Lola Maddox Burt, Mary E. Culver, Mathew R. Maddox, L. R. Maddox, and F. Bird Young brought their suit in equity in the circuit court of Harrison County against Irvin Stutler, Sarah A. Maddox, J. I. Alexander, administrator of James Maddox, deceased, and Delia A. Smith, Adeline Swisher, A. A. Smith, and E. W. Smith, heirs at law of Mary Smith, to annul, vacate, and set aside said deed to Stutler. On the 22nd day of May, 1896, said cause was heard, and the court decreed that said deed to Stutler "was and is wholly invalid, null, and void," and canceled, annulled, and set aside the same, and further decreed that the plaintiffs in said suit and the said Smiths, defendants, were the owners in fee of said tract of land, as the heirs at law of said James Maddox, subject, however, to the dower of said Sarah therein as the widow of James Maddox, and awarded said owners in fee a writ of possession for said land. At the August rules, 1897, Bettie Wilson, J. W. Maddox, Anna Angus, Sarah Lemley, Serena V. Dailey, Albert Maddox, J. A. Maddox,, Annette Maddox, Frank Maddox, May F. Lemley, Maggie Sawyer, George Maddox, Sarah Ott, and Mary L. Curry filed their bill in said court against Sarah A. Maddox, Mary A. Hoff, Charles S. Maddox, Lola Maddox Burt, Mary E. Culver, Mathew R. Maddox, L. R. Maddox, F. Bird Young, Delia A. Smith, E. W. Smith, A. A. Smith, Adaline Swisher, Sarah Davis, or the unknown heirs at law of said Sarah Davis, and J. I. Alexander, administrator of James Maddox, deceased,

alleging that James Maddox died on the —— day of February, 1893; that at the time of his death he owned and possessed a tract of one hundred and twenty-five acres of land, on which he resided, and which was described by metes and bounds in a paper writing signed by said James Maddox, dated January 31, 1893, and recorded in the clerk's office of said county (and exhibiting with their bill the said deed from Maddox and wife to Stutler); that said James Maddox died intestate as to said real estate; that he left no child or children, nor the descendants of any child or children, to inherit his estate, and the same passed to his brothers and sisters and their descendants; "that at the time of his death James Maddox left, him surviving, said Mathew R. Maddox, his brother, said Mary A. Hoff, his half-sister, L. R. Maddox, the only heir at law of Alexander Maddox, a deceased half-brother, Charles S. Maddox, Lola Maddox Burt, and Mary E. Culver, the heirs at law of Samuel Maddox, another deceased brother, F. Bird Young, the only heir at law of a deceased sister, Delia A. Smith, E. W. Smith, A. A. Smith, and Adaline Swisher, the heirs at law of another deceased sister, Sarah Davis, another sister, or the unknown heirs at law of said Sarah Davis, and your complainants, Sarah Ott and Mary L. Curry, the children of William O. Maddox, another deceased brother, and your other complainants, Betty Wilson, J. W. Maddox, Anna Angus, Sarah Lemley, Serena V. Dailey, Albert Maddox, J. A. Maddox, Frank Maddox, May F. Lemley, Maggie Sawyer and George Maddox, who are the children and heirs at law of George Maddox, who was the son of the said William O. Maddox, deceased"; that many years prior to the death of James his said sister Sarah Davis left the State of West Virginia, and plaintiffs did not know whether she was living or dead, and, if dead, they did not know whether she left any child or children, and did not know the names of her heirs at law; that while the said James Maddox made the paper writing for said lands to Irvin Stutler, which is in the form and nature of a deed for said lands, and the same was recorded in the clerk's office, the same was in fact never delivered by said Maddox to Stutler, and the legal title to said lands therefore never passed to said Stutler under said writing (and alleging the said former suit, and the decree setting aside the deed to Stutler); that plaintiffs' ancestor, William O. Maddon, was

a full brother of said James Maddox, and that said Sarah Davis was a full sister of said James Maddox; that plaintiffs and Sarah Davis were not made parties to said former cause, nor were the heirs at law, if any, of said Sarah Davis made parties thereto, and were not legally bound by the decree in said cause; that plaintiffs were jointly entitled to one-seventh of said lands, one-third of which belonged to said Sarah Ott, one-third to Mary L. Curry, and the remaining third to the other plaintiffs jointly, one-seventh of said land to Mathew R. Maddox, one-seventh jointly to Mary A. Hoff and L. R. Maddox, one-seventh to F. Bird Young, one-seventh to Della Smith, E. W. Smith, A. A. Smith, and Adaline Swisher, one-seventh to Charles S. Maddox, Mary E. Culver, and Lola Maddox Burt, and the remaining one-seventh to Sarah Davis or her heirs at law, and Sarah Ann Maddox to dower in the whole; that the real estate was susceptible of partition among the parties entitled thereto, but, if it could not be so divided, it should be sold, and the proceeds divided. And they pray that the parties named in the caption of the bill be made parties defendants, and required to answer the same; that process issue, and that said decree, a copy of which was exhibited with the bill, so far as it held and decreed the legal title to said lands to be in the plaintiffs in the said suit and the defendants Smith, be modified, changed, and altered, and plaintiffs in suit at bar and Sarah Davis or her heirs at law be decreed to be joint heirs at law of said James Maddox, and as such entitled to participate in the division of said lands; that the same be divided between the parties entitled thereto, or sold and the proceeds divided; that the dower interest of Sarah A. Maddox be assigned to her in kind, etc.; and for general relief. The defendants Delia A. Smith, E. W. Smith, A. A. Smith, and Adaline Swisher filed their demurrer (and also Sarah A. Maddox filed her demurrer) to plaintiffs' bill, and say that plaintiffs have not by their bill made such a case as entitles them in a court of equity to the relief sought, and for grounds thereof say that by plaintiffs' bill they show that one Irvin Stutler is a necessary and indispensable party to said suit; that by their bill plaintiffs show that the deed from Maddox to Stutler is good and valid as against plaintiffs; that the bill shows that plaintiffs and

said Sarah Davis in the bill mentioned were not parties
to the suit in the bill mentioned, to vacate and annul the
said deed to Stutler, and that said decree vacating and an-
nulling said deed is not binding upon them, and that said
deed is valid and binding as against plaintiffs. And they
further say that by reason of said deed, which is valid as
against plaintiffs, and which is not assailed by them, they
have no interest or estate whatever in the said tract of land.
Mary A. Hoff, Charles S. Maddox, Lola Maddox Burt,
Mathew R. Maddox, L. R. Maddox, and F. Bird Young filed
their answer, admitting the allegations of the bill. And on
the 5th day of October, 1897, the cause was heard on a mo-
tion of plaintiffs to have a receiver appointed to take pos-
session of and rent the lands described in the bill until the
same is disposed of by a final decree entered in the cause.
The affidavit of Lewis C. Lawson was filed in support of said
motion and was argued, when the court appointed J. I.
Alexander as receiver; and the court sustained the demur-
rer of the defendants, and granted leave to plaintiffs to file
an amended bill at rules and mature the same for hearing
making Irvin Stutler, E. G. Smith, and Lewis C. Lawson
additional defendants thereto, and incorporating therein
any additional matters which they might deem pertinent,
or which were proper in the cause.

On the 11th day of October, 1897, the defendants Sarah
A. Maddox, E. W. Smith, A. A. Smith, Adaline Swisher,
and Delia Smith objected to the order theretofore appoint-
ing J. I. Alexander receiver of said land, because written
notice of the motion was not served on the defendants, and
asked a suspension of the order for sixty days, in order to
permit a petition to the Supreme Court of Appeals for an
appeal, when the court set aside the order appointing the
receiver so far only as the same related to the appointment
and qualification of the receiver, and annulled and revok-
ed his power and authority. The following notice was giv-
en: "To E. W. Smith, A. A. Smith, Delia Smith, Sarah A.
Maddox, and Adeline Swisher: Take notice that on the
20th day of January, 1898, the plaintiffs in the chancery
cause of Betty Wilson and others, now pending in the cir-
cuit court of Harrison County, State of West Virginia,
will make a motion in the circuit court of said County of
Harrison, in said chancery cause, to have a special receiver

appointed therein as provided in section 28 of chapter 133 of the Code, to take possession and control of the one hundred and twenty-five acres of land mentioned and described in the bills of said chancery cause, wherein they are plaintiffs and you and others are defendants. This the 13th day of January, 1898. Betty Wilson and Others, by Counsel,"—which was served January 14th, 1898. On the 20th day of January, 1898, defendants A. A. Smith, E. W. Smith, Delia A. Smith, Adaline Swisher, and Sarah A. Maddox moved the court to quash the writ of summons issued in the cause, to answer the amended bill of the plaintiffs, upon the ground that such process issued before the amended bill was filed at rules, which motion was sustained, and the process quashed, and leave given plaintiffs to sue out other process on the filing of such amended bill at rules. And leave was given to withdraw from the amended bill Exhibits A and B, and Lewis C. Lawson was given leave to withdraw from his answer thereto Exibit X. And plaintiffs moved the court to appoint a special receiver to take possession of the lands mentioned in the bill and proceedings, and rent out the same until the further order of the court, and said notice was docketed. And on the 7th day of February, 1898, "the motion of plaintiffs for a receiver of the one hundred and twenty-five acres of land came on to be further heard upon the original bill of plaintiffs now pending at rules; answer of the defendants Mary A. Hoff, Charles S. Maddox, Lola Maddox Burt, Mary E. Culver, Mathew R. Maddox, L. R. Maddox, and F. Bird Young; the affidavit of L. C. Lawson, filed by plaintiffs, and the affidavits of E. W. Smith, A. A. Smith, and F. W. Allman, filed by the defendant Sarah A. Maddox, and also by the defendants Delia A. Smith, E. W. Smith, A. A. Smith, and Adaline Swisher, in opposition to said motion; the objection of said defendants to the notice for such appointment; the answer of Sarah A. Maddox, and general replication thereto; the said answer of Delia A. Smith and others, and general replication thereto." The court certified that the case was argued and submitted on the 28th of January, 1898, upon all the papers aforesaid, except said answers; counsel for said defendants subsequently answering, stating at the same time that he relied upon his objection to the sufficiency of the notice, bill, and affidavit; say-

ing that, if they should be deemed sufficient, he desired to file said answers. And on the 31st of January, after having partly considered the questions arising on said motion in open court, the court informed counsel for defendants that the court desired to have said answers in the cause, if there were an intention to file the same. The said answer of Sarah A. Maddox and the said answer of Delia A. Smith and others were then tendered by their counsel, who asked that, under the circumstances, he be allowed to file them, but counsel for plaintiff objected. The objection was overruled, and the answers filed, and to which plaintiffs replied generally. The answers of defendant Sarah A. Maddox and of Delia A. Smith and others, while they deny all the material allegations of the bill, contain averments that defendant Sarah A. Maddox was in possession and enjoyment of the whole tract of one hundred and twenty-five acres with the consent and agreement of the heirs at law of James Maddox, deceased; and the answer of said Smiths avers that they are willing and desirous that said agreement among the heirs should be observed and kept, and that the said Sarah should have the benefit of the "provisions of the deed to Stutler, as far as she might be entitled, as against the plaintiffs." And it appearing to the court that the said written notice was duly served on the defendants Sarah A. Maddox, Delia A. Smith, E. W. Smith, A. A. Smith, and Adaline Swisher, and that the other defendants had accepted service of said motion, and it further appearing to the court from said papers that a receiver should be appointed in the cause to take possession and control of said one hundred and twenty-five acres of land, the said J. I. Alexander was appointed receiver, with authority to take charge of said lands, except the mansion house thereon and the curtilage, which said Sarah A. Maddox might hold, occupy, and enjoy without charge until the suit should be finally determined, or until the further order of the court. The answers of said Sarah A. Maddox and of Delia Smith and others deny the material allegations of the bill; deny that William O. Maddox, the ancestor under whom plaintiffs claim, was a brother of James Maddox; deny that Sarah Ott and Mary L. Curry were children of William O. Maddox, that the other plaintiffs are children of George Maddox, that George Maddox was a son of William O. Maddox.

Sarah A. Maddox appealed from said decree, and assigned various errors: That the record shows that no proper case was pending at the time for the appointment of a receiver; that the demurrer to the original bill had been sustained, and it did not appear that there was any suit pending which would ever result in a division of the property or the proceeds of a sale thereof; that the original bill shows on its face that the plaintiffs had no interest whatever in the lands sought to be partitioned, they not being parties to the suit in which the deed to Stutler was vacated; that the deed to Stutler is binding as against the plaintiffs; that the rights of the plaintiff are expressly disputed and denied by the defendant Sarah A. Maddox and other defendants, and there is no proof whatever in the cause that plaintiffs are heirs of James Maddox; that there is no evidence in the cause that any waste or destruction is being committed which would justify the appointment of a receiver; that it appears on the cause, by the affidavits of A. A. Smith, E. W. Smith, and F. W. Allman, that no waste or destruction was being committed, and that no sufficient notice of the appointment of a receiver was given by the plaintiffs, the alleged notice not being sufficient on its face.

The decree entered in the original suit to vacate the deed made by James Maddox, and which it is sought in this suit to modify, virtually ascertained and decreed that the decedent, James Maddox, had five brothers and sisters, and that the five, or their descendants, recovered said property in the annulling of said deed to Stutler. The plaintiffs in this cause file their bill, alleging a mistake in the former suit, and claim that, instead of five, he had seven, brothers and sisters, and that plaintiffs represent one of said brothers and one-seventh of the estate, and one other seventh is represented by a sister, who is a nonresident, if living, and her heirs unknown, if dead. The bill filed is defective, in that while it files as an exhibit the deed from Maddox to Stutler, as descriptive of the property, it fails to assail it in any manner, or to make the grantee therein a party to the bill. The deed on its face, is sufficient to convey the title, and has only been vacated as to the parties to said cause. The defendants Sarah A. Maddox and Delia A. Smith and others filed their demurrers, showing specif-

ically that plaintiffs had no interest in said property as appears on the face of the bill as presented, and the court sustained the demurrers and granted leave to plaintiffs to file an amended bill, which there is nothing in the record to show they ever did, except by inference. In the order made January 20, 1898, it is provided "that, upon an amended bill being filed at rules, the plaintiffs are given leave to sue out process, and leave is here given to withdraw from the amended bill Exhibits A and B, and Lewis C. Lawson is given leave to withdraw from his answer thereto Exhibit X." There is no prayer in the bill for a receiver, nor allegation of waste or danger of loss. "The bill must lay the foundation for the appointment of a receiver, by stating the facts which show the necessity and propriety of it." *Tomlinson* v. *Ward*, 2 Conn. 396. "When the application for a receiver is made before decree, it will not be granted, unless the bill contains a specific prayer that a receiver may be appointed; and the facts relied on for this character of relief should be distinctly and specifically set forth, and not merely alleged in general terms." 1 Bart. Ch. Prac. 486; 2 Daniell, Ch. Prac. 1734. Section 28, chapter 133, Code, provides that "a court of equity may in any proper case pending therein, in which the property of a corporation, firm or person is involved, and there is danger of the loss or misappropriation of the same or a material part thereof, appoint a special receiver of such property, or of the rents, issue and profits thereof, or both, who shall give bond," etc. Was this a proper case in which to exercise this power, which the authorities say should be exercised with extreme caution? *Ruffner* v. *Mairs*, 33 W. Va. 655, (11 S. E. 5); High, Rec. section 111. In 5 Wait, Act. & Def. p. 355, it is said, "Receiverships should be granted, as a general rule, only under peculiar and urgent circumstances, where the right to be protected is clear, and where there is no other safe, or expedient remedy." High, Rec. section 24. "An important principle of general application in the exercise of this branch of the extraordinary jurisdiction of equity is that plaintiff is never entitled to a receiver when the equities of his case are fully and fairly denied by the sworn answer of defendant. When, therefore, the application for a receiver is made after the coming in of the answer, and the equities of the bill upon which the receiver is sought

are fully denied by defendant's answer under oath, and the evidence adduced in support of the bill does not overcome the denials of the answer, the court will refuse to appoint a receiver. In such cases, the plaintiff, having addressed himself to the conscience of the defendant, has made him a witness, and must take his answer as true, unless he can overcome it by other testimony, and the question is no longer regarded as one addressed to the discretion of the court; but it is judicial error to appoint a receiver when the charges of the bill are thus denied." *Thompson* v. *Diffendifer*, 1 Md. Ch. 489; *Fairbairn* v. *Fisher*, 57 N. C. 390. It may be said in reply to this that the answers in case at bar were not sworn to, and these authorities cannot apply. Section 38, chapter 125, Code, provides that "if the bill be not verified the defendant need not verify his answer, and if he does so it shall not be entitled to any more weight in the cause than if it had not been verified." So that under our statute it has the same effect as if sworn to, plaintiffs' bill not being verified. Plaintiffs had not a "proper case" before the court, under the statute, to authorize the exercise of its discretionary power to appoint a receiver. Defendants point out no defect in the notice, and it seems to me sufficient. It states the case in which, and the day and place when and where, the motion will be made for a receiver.

The appellees assign cross errors:

"First. The court should not have sustained the motion of plaintiffs to quash the writ of summons issued in this cause to answer the amended bill of plaintiffs herein upon the ground that such process issued before the amended bill was filed at rules." The order of the court sustaining the demurrer to the bill also gave leave to plaintiffs to file an amended bill at rules, and mature the same for hearing. The order says nothing about process on said bill. Under section 5, chapter 124, Code, process to commence a suit is issued on the order of plaintiff or his attorney or agent, and the declaration or bill may be at the same time placed in the possession of the clerk, and, if so, is filed at the rules at which the process is returnable; but, if not, the cause is continued from one rule day to another, for bill or declaration, if no appearance by defendant for the time specified by law. Under the order of the court grant-

ing leave to file an amended bill, the plaintiffs were author-
ized to sue out, under said section 5, process thereon return-
able to rules. A demurrer to the original bill having been
sustained, it was in the nature of process to commence a
suit, and it was entirely competent to order out the process
returnable to rules, and the proceedings thereon should be
the same as in case of an original suit.

"Second. That the court erred in permitting defend-
ants to file their answers, over the objection of plaintiffs,
at the hearing of the motion for a receiver, after the demur-
rers to the bill had been sustained." Plaintiffs persisting
and pressing their motion for a receiver after the demurrer
to their bill had been sustained, the answers were proper
to be used on the hearing of said motion.

For the reasons herein given, the decree appointing
a receiver is reversed, and the cause remanded.

*Reversed.*