# CHARLESTON.

## FREER v. DAVIS.

Submitted January 21, 1902.   Decided November 22, 1902. .

52   35
52 232
52 251

52   35
f63   334
f63   335

1. RECEIVER—*Conflicting Titles*

    A receiver will not be appointed to take possession from a defendant of land, and drill wells for oil, in a suit involving two conflicting titles merely because that defendant is drilling the same land for oil, or doing other injury, though irreparable, unless special circumstances additional are shown, such as insolvency or other circumstances. (p. 36).

2. HOSTILE TITLES—*Receiver.*

    In a suit involving two hostile titles to land a receiver will not be appointed to take charge of it, merely because of the pendency of such suits. It will be done only with great caution and upon special circumstances calling for it to preserve the property from loss. (p. 36).

3. INJUNCTION—*Hostile Titles—Receiver.*

    It does not follow that because injunction lies in a suit between hostile titles to land to restrain irreparable damage, a receiver for the land will be appointed. (p. 37).

Appeal from Circuit Court, Ritchie County.

Bill by R. H. Freer and others against Thomas E. Davis and others. Decree for defendants, and plaintiffs appeal.

*Reversed.*

V. B. ARCHER, SHERMAN ROBINSON, and WM. BEARD, for appellants.

EDWIN MAXWELL, THOS. E. DAVIS, C. W. LYNCH, HOMER ADAMS, and Mr. HORNOR, for appellees.

BRANNON, JUDGE:

I refer to another opinion in another appeal in this same case for the nature of the case, decided this term. By an order made, 3rd January, 1901, a receiver was appointed to take from the defendants the possession of the 58 acres of land involved in this suit, and to drill wells and take oil and gas, from the land, and the defendants appeal.

When the order for a receiver was made the case was not in the condition, as to its merits, in which it was at the time of the final decree considered upon the other appeal.

A valid title in a suit to recover land is essential, and even that is not of itself sufficient to authorize the appointment of a receiver. Beach, on Receiver s. 70. This case is what I may term an ejectment in equity, purely a land suit, a contest be-tween two conflicting titles, without the least show of any peculiar equities of one as against the other calling for a receiver, and the section just cited says that in such case a receiver will not be appointed to take possession from the defendant. So *Seng-felder* v. *Hill,* 58 Am. St. 36. Surely one will not be appointed in that class of cases, unless special circumstances exist. It will not be done where the right is doubtful, and no case of danger as to security of the party is alleged. Beach, Receivers, s. 68. Same work, s. 5, says, adequate remedy at law will defeat the application. In section 47 we are told that the appointment deprives one in possession of his possession, and is to be exercised with unusual caution and only for preventing manifest wrong imminently impending. Mere litigation as to title will not call for, but will deny it, unless special circumstances are shown. The mere production of oil, without insolvency, or some special reason will not justify a receiver.

The order appointing a receiver not only authorized the drilling of wells upon the leasehold land of the defendant lessees, but authorized the receiver to borrow money to do so, and made it a charge on the leasehold estate. It does not seem to me that the mere danger that oil might be drained from the land in question by wells on the adjacent land would alone justify the ap-

pointment of a receiver; and, more still, would not justify the borrowing of money to the destruction of the defendant's property. We do not, at any rate, think that a case proper for such a severe and drastic order was presented by the case. By no means does it follow that because an injunction will be granted to stay irreparable damage by defendants until decision of title, a receiver will be appointed to deprive one in possession under color of title of his advantage, and more especially to work his land and charge it with a lien for expenditures.

"The power of courts of equity to continue a business under a receiver, and to make his charges and expenses a charge upon the property must be exercised with great caution." *MaKeel* v. *Hotchkiss,* 83 Am. St. R. 131.

I grant that where a business is that of a "going concern," as a railroad, and the interests require that it be continued a "going concern," the receiver may be authorized to keep the business going, and may charge the outlay beyond revenue upon the very body of the property.

*Knickerbocker* v. *McKindley,* 64 Am. St. R. 54; Note 54 *Id.* 409. But I do not see that the same rule applies where it is not a "going concern." This law would not justify boring new oil wells. There were no producing wells at the date of the appointment.

*Reversed.*