# CHARLESTON.

### B. & N. R. R. Co. v. THE TOWN OF ALSTON.

Submitted January 26, 1904—Decided February 9, 1904.

1. RAILROAD—*Assent from Town Council.*
   Assent from town council to a railroad company authorizing the occupation of the streets of such town under section 10, chapter 52, Code, is not a franchise within the meaning of chap-ter 29, Acts 1901. (p. 599).

2. RAILROAD—*Repeal of Orders Relating to.*
   An injunction is not the proper remedy to prevent the coun-cil of a town from repealing orders granting assent to the occu-pation of the streets of the town. (p. 599).

3. RAILROAD—*Injunction to Prevent Destruction of Track.*
   Where a railroad company has lawfully laid its track through the streets of a town an injunction will lie to prevent the town authorities from tearing up or removing such track. (p. 599-.

Appeal from Circuit Court, Barbour County.

Bill by the Belington & Northern Railroad Company against the town of Alston. Decree for plaintiff, and defendant ap-peals.

*Reversed in part.*

W. B. MAXWELL and J. B. WARE, for appellant.

Fred O. BLUE, for appellee.

DENT, JUDGE:

The Town of Alston appeals from a decree of the circuit court of Barbour county perpetuating an injunction awarded at the instance of the Belington and Northern Railroad Com-pany inhibiting the officers of such town from repealing certain

orders of the common council of said town granting the plaintiff a right of way through certain of its streets, and from tearing up and removing the tracks of the plaintiff put down in pursuance of such right of way. Appellant insists that such orders are void because the notice required by chapter 29, Acts 1901, was not given before such orders were entered, and that by reason of their void character, the appellant has the right to repeal them, and the right to tear up and destroy appellee's tracks as a nuisance.

The first and most important question presented in this case is as to whether the assent of the corporate authorities of a town to ocupy its streets required by section 10, chapter 52, Code, given to a railroad company, is a franchise within the meaning of chapter 29, Acts 1901. The chapter consists of but one section and is as follows: "No franchise shall hereafter be granted by the county court of any county, or other tribunal acting in lieu thereof, or by the council of any city, town or village incorporated under the laws of this State, where the application for such franchise has not been filed at least thirty days prior to the time when it is to be acted upon, by such county court or council, with the clerk of such court or council, and notice of such application, stating the object of such franchise, shall have been given by publication for thirty days in some newspaper of general circulation published in such county or city wherein such franchise is to be granted. Nor shall such franchise be granted within thirty days after the application has been filed, nor until an opportunity has been given any citizen or corporation interested in the granting or refusing of said franchise to be heard. Nor shall any franchise hereafter be granted by any county court, or other tribunal acting in lieu thereof, or by any council of any city, town or village incorporated under the laws of this State, for a longer term than fifty years; *Provided, however,* that nothing in this act shall prevent the renewal of any such franchise for a term not exceeding fifty years, when the same shall have expired. No franchise hereafter granted for any longer term than fifty years shall be of any force or validity." A franchise is an incorporeal hereditament and not the tangible property necessary in the exercise thereof. *Tuckahoe Canal Co.* v. *Tuckahoe, &c., R. Co.,* 11 Leigh 78; *Bridgeport* v. *New York, &c., R. Co.,* 36 Conn. 266. An action

to test *the authirity of* a railroad company to use a public street does not involve a franchise. *Parlin* v. *Mills,* 11 Ill. App. 396; *Mills* v. *Parlin,* 106 Ill. 60. Assent by a town to use of its streets by a railroad company is no more a franchise than the grant of a right of way through his lands by a land owner. *C. C R. Co.* v. *The People* &c., 73 Ill., 541. It is an easement in corporeal property and not a franchise. 3 Elliott on R. Roads, section 32. The limitation in the act that no franchise shall be granted for a longer term than fifty years, shows that it was not intended to apply to the assent of the council to the passage through its limits of a railroad or perpetual highway, whose franchises are without limit as to time. It would be a strange thing at the end of fifty years to see immense lines of railway cut into useless sections by reason of the authorities of the various villages, towns and cities through which they pass refusing their assent to the continuance of its so called "local franchise." Instead of being a franchise, its right of way through the streets is an easement, and the council's assent thereto is a license or grant thereof. Hence, the act referred to does not govern or have any application to the plaintiff's rights acquired from the council. No notice thereof was necessary and the orders of the council complained of are valid. Nor have the abutting property owners any right to object thereto. If their property is injured but not taken, their remedy is to be had in an action for damages. *Spencer* v. *Point Pleasant & O. R. R. Co.*, 23 W. Va. 406. The orders granting assent to the plaintiff being valid gives plaintiff no right to enjoin the repeal thereof. The plaintiff would not be injered thereby.

The defendant's council is clothed with limited legislative, judicial and executive or administrative functions under the supervision and control, when the rights of persons and property are involved, of the superior judicial tribunals of the state without the necessity of an appeal to equity, unless irreparable injury is threatened and the legal remedies are inadequate. If the council improperly annulled its orders or ordinances assenting to the plaintiff's occupancy of its streets, the plaintiff could treat such annulment as void, or it could have the same reviewed and reversed by proper judicial method of review. If, however, the council should repeal such valid orders, and then threaten and undertake to tear up and destroy plain-

tiff's road and eject it from the streets, the plaintiff is entitled to an injunction, for such injury would be irreparable. 2 Elliott on Railroads, section 632; *Easton, &c., Pass. Ry. Co* v. *City of Easton,* 133 Pa. St. 305; *Ashville St. Ry. Co.* v. *City of Ashville,* 109 N. Car. 688. The decree complained of must be reversed and annuled in so far as it enjoins "the defendants, the town of Alston and the members of its common council and its mayor and recorder from attempting to or repealing the said three orders or resolutions mentioned in plaintiff's bill," and in all other respects it is affirmed with costs to the defendants because their appeal was made necessary by the illegally excessive injuncton obtained.

*Reversed in Part.*