# CHARLESTON

## MYERS *v.* CIRCUIT COURT.

Submitted September 2, 1908.     Decided December 2, 1908.

1.  INTOXICATING LIQUORS—*Prohibition—Grant of License—Certiorari.*

    A circuit court has no jurisdiction, at the suit of a protestant against the grant by a county court of leave to get license to sell intoxicating liquors, to allow a writ of *certiorari* from the order of a county court granting such leave, and a writ of prohibition will issue from the Supreme Court to prohibit the entertainment and prosecution of such *certiorari.* Such order is final and no process lies to reverse it. (pp. 445, 446.)

Application by Ira C. Myers and Hiram Rubenstein for a writ of prohibition to the circuit court of Tucker county.

*Writ Granted.*

CUNNINGHAM & STALLINGS, for petitioners.

BRANNON, JUDGE:

In June, 1908, Ira C. Myers and Hiram Rubenstein applied to the county court of Tucker county for leave to obtain a license to retail intoxicating liquors at the unincorporated village of Laneville, when Israel Weimer appeared before the county court and filed a written protest against the granting of such license and 118 other persons appeared and filed written protest against it; but the court granted its consent to the issuance of the license. Then Israel Weimer obtained from the circuit court a writ of *certiorari* to remove the proceeding into that court in order that the order of the county court granting such leave for license might be reversed and the license refused. Next, Myers and Rubenstein obtained from a judge of this Supreme Court a rule against the circuit court and Weimer to show cause why a writ of prohibition should not issue to prohibit further proceeding by the writ of *certiorari*; and this rule we now decide.

It is contended that as one entitled to prosecute a writ of *certiorari* must not only be a party to the proceeding, but must also have an interest in the litigation. Weimer cannot maintain the *certiorari.* Is not that a question arising upon the *certiorari*, and cognizable upon writ of error, if it should

be held that Weimer has capacity to maintain the writ? If not such a party, with suable interest, does that deny jurisdiction in the circuit court to entertain the *certiorari*, so as to warrant prohibition? I think not. But waiving that, we think that Weimer could sustain a writ of *certiorari*, if the subject matter were such as to warrant it. Chapter 36, Acts 1905, found in the Code published in 1906, section 925, after providing that the county court "shall grant or refuse the license applied for," says: "The said county court shall hear any petition of residents of the county, in addition to that of the applicant, in favor of, and any remonstrance against, the application for such license, and in all cases shall refuse the same whenever in the opinion of said court (having due regard to the number and character of the petitioners for and against such application) such license is not necessary or that the applicant is not a fit person to whom such license should be granted." As the law was before this provision in the act of 1905, it may be safely stated, that no one could oppose the grant of leave to obtain license or in anywise litigate the matter; but this enactment allows a resident of the county to appear in the county court and there resist the grant of leave; he is given a standing in the county court with such interest as enables him to do, what he could not have done before, contest the application. And if the matter were of such nature as to be the subject of litigation beyond the county court, such protestant would be such a party to the proceeding and have such interest as would enable him to prosecute a *certiorari*. 17 Am. & Eng. Ency. L. 259.

It is really not necessary to pass on the *capacity* of Weimer to maintain the writ of *certiorari*, because the subject matter does not justify that or any other legal remedy to reverse the decision of the county court granting or refusing license. The Constitution, Art. VIII, section 24, gives the county court jurisdiction over the matter of granting license to sell liquors. The Code, chapter 32, section 10, Code 1906, section 922, says that such license "shall be issued only when authorized by the county court." And section 13, mentioned above, says that the county court "shall grant or refuse the license applied for." This power has long resided in the county courts, in Virginia before the formation of this state, and in the supervisors and county courts since the formation of

West Virginia, and a number of cases running far back have held this jurisdiction exclusive and final, without right to litigate further than the county court by any judicial proceeding. *Yeager, ex parte,* 11 Grat. 635; *Hein* v. *Smith,* 13 W. Va. 358; *Va. Pocahontas Coal Co.* v. *County Court,* 58 *Id.* 86; *Town of Hawk's Nest* v. *County Court,* 55 *Id.* 689; *French* v. *Noel,* 22 Grat. 454. When a matter is one of pure discretion no appeal from the decision lies, as stated in *Welch* v. *County Court,* 29 W. Va. p. 70. But it is suggested that the clause of the Act of 1905 given above has changed such former rulings, and made a proceeding in a county court to get license a suit, by allowing protestants to appear and contest, and by directing the court to refuse license where, in the opinion of the court, the license is not necessary or the applicant is unfit to exercise it. Now, the very words "in the opinion of the court," give discretion and tell us that the matter resides alone with the county court. We must give these words that construction in view of such former decisions, as they harmonize with them, and also because it is not to be thought that the Legislature intended to make these applications for license the subjects of litigation. Innumerable are such applications, and of a character to excite contestation, and it would be bad policy to fill the courts with the horde of cases arising from them. The matter relates to revenue, and it is not to be supposed that it was the design, by this clause, to engender litigation through the circuit and supreme courts, and thus hamper and delay the raising of the revenue. Another consideration strongly presents itself. When the Legislature in 1905 was inserting that new clause allowing a new right, that of protest, it was aware of the long line of decisions giving conclusiveness to the action of the county court in granting or refusing license, and if it intended to go further and give some appeal, why did it not do so by plain words? It would take plain words to reverse the decisions running through so many years to do this. We cannot allow any appellate process in this Court unless by mere implication that the Legislature intended it. It would be a far-fetched inference—a mere guess.

There were thirteen persons sustaining the application for license and one hundred and eighteen against it. It is urged that the great preponderance in number of the remonstrants

shows that the county court erred in the granting of license. This fact, its weight, was a matter for the county court, one entering into its discretion, and can have no force in the case we decide.

It is stated in the return to the rule that one of the members of the county court is a brother of Myers; but it does not appear of record. Even so, would it effect the order? He has no pecuniary interest to debar him. *Cheuvront* v. *Horner*, 62 W. Va. 476. Moreover, no tribunal but the county court can act upon an application for license, and therefore, from necessity, even if there were such interest in a member of the court as would ordinarily disqualify, it would not do so in this instance. See cases cited by JUDGE POFFENBARGER in *Coal Co.* v. *Doolittle*, 54 W. Va. on p. 231.

This case was orally argued upon the assumption that the written protests and the facts were in the record by bill of exceptions; but after going through the labor of preparing this opinion I discovered that there is no bill saved by the order of the county court. As the case was argued on the theory that such bill is a part of the record we shall so pass on the case, though we might state the fact as good reason for denying the right of *certiorari* and the award of prohibition. *Jones* v. *Harmer*, 60 W. Va. 479. It is not simply the want of evidence to show error on the hearing of the *certiorari*, which might be said to be properly considered then, but it is the case of a simple order of the county court granting license, without appearance of protest by anybody, and thus Weimer would not be a party so as to prosecute a *certiorari*, and this would justify a prohibition. *Supervisors* v. *Gorrel*, 20 Grat. 484, pts. 9 & 10. *County Court* v. *Boreman*, 34 W. Va. 87, holds that no one not a party to the record can prosecute a *certiorari*.

We have shown that the action of the county court was final, and that no *certiorari* or other appellate process from its action lies. It is argued that even if this is so, prohibition does not lie, but the remedy is by writ of error from final judgment upon the *certiorari*, and the circuit court cannot be arrested in its action by prohibition. As the matter was one of pure discretion in the county court, in which the circuit court could not intervene; as its intervention was without warrant of law, and invaded the rights of Myers and

Rubenstein under their grant of license, involving them in tedious, costly litigation, prohibition lies. The circuit court has no jurisdiction of the subject matter. Where in an action the court has no jurisdiction of a subject matter its action is *coram non judice* and void, and it will be restrained by prohibition. Because of the finality or pure ·discretion of the action of a county court in granting license, it was held that no *supersedeas* would lie from it, and that prohibition would lie against such *supersedeas*. *French* v. *Noel*, 22 Grat. 454. So holds *Hein* v. *Smith*, 13 W. Va. 358 pointedly. A number of cases will support prohibition where the circuit court has no power over the subject matter. *County Court* v. *Armstrong*, *Id.* 326; *Ailstock* v. *Page*, 77 Va. 386.

We award the prohibition.

*Writ Granted.*