For the reasons stated herein, the writ of prohibition is awarded.

*Writ awarded.*

STATE OF WEST VIRGINIA *ex rel.* G. THOMAS BATTLE,

STATE TAX COMMISSIONER

*v.*

JOHN W. HEREFORD, JUDGE OF THE CIRCUIT COURT

OF CABELL COUNTY, WEST VIRGINIA, *et al.*

(No. 12277)

Submitted October 1, 1963.     Decided November 5, 1963.

BROWNING, JUDGE, not participating.

*C. Donald Robertson,* Attorney General, *Edward B. Simms,* Assistant Attorney General, *Marshall G. West, William F. Carroll, Louise M. Barr,* for relator.

*Beckett & Burford, R. H. Burford, Jenkins & Jenkins,* for respondent, American Cigarette Service, Inc.

HAYMOND, JUDGE:

This is an original prohibition proceeding instituted in this Court on September 11, 1963. The petitioner, G. Thomas Battle, State Tax Commissioner of West Virginia, seeks a writ to prohibit the defendants, Honorable John W. Hereford, Judge of the Circuit Court of Cabell County, West Virginia, W. Merton Prunty, Special Receiver for American Cigarette Service, Inc. and American Cigarette Service, Inc., from enforcing, executing or carrying out, subject to certain specific exceptions, the provisions of an order entered by the Circuit Court of Cabell County on September 4, 1963, in a civil action instituted by the state

tax commissioner against American Cigarette Service, Inc. on August 30, 1963, then pending in that court, by which order the defendant W. Merton Prunty was appointed Special Receiver for the defendant American Cigarette Service, Inc., for the purpose of operating its business with authority to make all reasonable business decisions in connection with and concerning its management and affairs and to take possession of all cigarette machines then in the possession of the state tax commissioner, which had been seized from American Cigarette Service, Inc., pursuant to Chapter 11, Article 17, Section 27, Code, 1931, as amended, except such machines as the commissioner should decide to hold for the purpose of determining any tax liability or as necessary evidence in any criminal prosecution, and to take possession of all moneys and cigarettes in such machines, except cigarettes which bore a fraudulent or false tax meter stamp impression, and to perform certain other acts in connection with the operation of the business of American Cigarette Service, Inc. set forth in such order; and to prohibit the defendant Honorable John W. Hereford, Judge of the Circuit Court of Cabell County, from enforcing another order entered by the Circuit Court of Cabell County on September 4, 1963 in the same action pending in that court, which enjoined the tax commissioner from holding a hearing scheduled for September 5, 1963, to revoke or suspend any licenses issued to the defendant American Cigarette Service, Inc., for the operation of its business by the defendant W. Merton Prunty, Special Receiver, until the further order of the circuit court.

On September 11, 1963, upon the petition and the certified copies of the orders entered September 4, 1963, filed as exhibits with the petition, this Court issued a rule returnable October 1, 1963, and by order suspended all proceedings in the circuit court until the final adjudication of this proceeding by this Court. On September 23, 1963, this Court denied the motion of the defendant American Cigarette Service, Inc. to annul and vacate the suspension order entered by this Court on September 11, 1963. On October 1, 1963, the return date of the rule, this

proceeding was submitted for decision upon the petition and the exhibits filed with it; upon the separate answer of the defendant American Cigarette Service, Inc., and an exhibit with such answer consisting of a copy of a motion of that defendant in the Circuit Court of Cabell County to dismiss the proceeding instituted in that court by the state tax commissioner against that defendant; upon the motion of the defendant American Cigarette Service, Inc. to annul and vacate the suspension ordered by this Court on September 11, 1963; and upon the written briefs and the oral arguments of the respective attorneys in behalf of the petitioner and the defendant American Cigarette Service, Inc.

During the period August 13 to August 29, 1963, the petitioner, acting under authority of Section 20, Article 17, Chapter 11, Code, 1931, as amended, seized approximately 432 cigarette vending machines and their contents, owned by the defendant American Cigarette Service, Inc., in Cabell County, and on August 30, 1963, pursuant to the provisions of Section 27, Article 17, Chapter 11, Code, 1931, as amended, instituted an action in the Circuit Court of Cabell County for the confiscation of the vending machines and their contents.

The complaint in that action, a copy of which is filed as an exhibit with defendant's motion to annul and vacate the suspension order by this Court, charged that the cigarette vending machines had been used in violation of Sections 4, 16 and 17, Article 17, Chapter 11, Code, 1931, as amended, and for that reason were deemed to be contraband and forfeited to the State of West Virginia; that all packages of cigarettes which bore false and fraudulent West Virginia tax meter stamp impressions violated the same provisions of the statute and were likewise deemed to be contraband and forfeited to the State of West Virginia; and that all lawful money and coins in the vending machines were in violation of the statute and were also deemed to be contraband and forfeited to the State of West Virginia.

In the prayer of the complaint the plaintiff requested

as part of the relief sought that the defendant be required to answer the complaint within twenty days from the service of a copy of the complaint, that a hearing be granted, that a special commissioner or receiver be appointed to make an inventory of the vending machines and their contents and to report to the circuit court the type and the number of such machines, their capacities and serial numbers, the number of packages of cigarettes containing false and fraudulent West Virginia tax meter stamp impressions, and the number of packages of cigarettes containing lawful West Virginia tax meter stamp impressions, in each vending machine, and the amount of coins and money in each vending machine; that after such report the vending machines and all cigarettes containing false and fradulent tax meter stamp impressions and all money and coins in each vending machine be declared to be contraband and forfeited to the State and sold for the benefit of the free school fund as provided by law; and that all property of the defendant which should be declared not to be contraband be held in escrow for the benefit of the State pending determination of the tax liability of the defendant to the State.

At the time of the institution of this proceeding in this Court the defendant had not filed any answer to the complaint of the state tax commissioner. For that reason the material allegations that the cigarette vending machines and their contents, because of their illegal use in violation of the provisions of Sections 4, 16 and 17, Article 17, Chapter 11, Code, 1931, as amended, are contraband and forfeited to the State, will be regarded as true for the purposes of this proceeding. It should also be observed that when this proceeding was instituted there had been no determination in the action instituted by the state tax commissioner in the circuit court of the questions of contraband and forfeiture or of the rights of the parties in that action to the seized property. That action is still pending and the controlling questions involved in it are presently undecided.

Section 20, Article 17, Chapter 11, Code, 1931, as amended by Chapter 188, Acts of the Legislature, 1963, Regular

Session, to the extent here pertinent, provides that whenever the state tax commissioner "shall discover any cigarettes, subject to tax as provided by this article and upon which the tax has not been paid as herein required, the commissioner, or such deputy or employee is hereby authorized and empowered forthwith to seize and take possession of such cigarettes, which shall thereupon be deemed to be forfeited to the state and the commissioner may within a reasonable time thereafter by a notice posted upon the premises where such seizure was made, or by publication in some newspaper having circulation in the county wherein such seizure is made, at least five days before the day of sale, sell such forfeited cigarettes, * * *."

Section 27 of the same statute, to the extent here pertinent, also provides that:

"Every person who shall transport cigarettes not stamped as required by this article upon the public highways, waterways, roads or streets of this state shall have in his actual possession invoices or delivery tickets for such cigarettes * * * . In the absence of such invoices, delivery tickets or bills of lading, as the case may be, the cigarettes so transported, the vehicle or vessel in which the cigarettes are being transported or any paraphernalia or devices used in connection with the unstamped cigarettes, are declared to be contraband goods and may be seized by the commissioner, his agents or employees or by any peace officer of the state when directed by the commissioner, his agents or employees so to do without a warrant.

"The commissioner shall immediately thereafter institute a proceeding for the confiscation thereof in the circuit court of the county in which the seizure is made. The court may proceed in a summary manner and may direct confiscation to the commissioner: * * *.

"If unstamped cigarettes be found in any vending machine, both the cigarettes and the vending machine shall be contraband goods and may be seized by the commissioner, his agents or employees or by any peace officer

of the state at the direction of the commissioner, his agents or employees, without a warrant."

Section 16 of the same statute provides that whoever sells cigarettes in this state without there having been affixed to each individual package the stamp required by the statute shall be guilty of a misdemeanor and Section 17 of the same statute provides that whoever falsely or fraudulently makes, forges, alters or counterfeits any stamp prescribed by the state tax commissioner, or causes or procures to be falsely or fraudulently made, forged, altered or counterfeited any such stamps or knowingly or wilfully utters, publishes, passes or tenders as true, any such false, altered, forged or counterfeited stamps, for the purpose of evading the tax imposed by the statute, shall be guilty of a felony.

It is clear from the provisions of Section 27 that the purpose and object of the action which the statute requires the state tax commissioner to institute, and which was instituted by him in the Circuit Court of Cabell County, are the determination by the circuit court of the questions of contraband and forfeiture in connection with the property seized by the commissioner as provided by the statute and the ultimate disposition of the property when those questions and the rights of the parties have been determined, and that those matters are the only issues for determination in such action.

This Court has consistently held that a statute which provides for a thing to be done in a particular manner or by a prescribed person or tribunal implies that it shall not be done otherwise or by a different person or tribunal; and the maxim *expressio unius est exclusio alterius,* the express mention of one thing implies the exclusion of another, applies to such statute. *Ratcliff* v. *State Compensation Commissioner,* 146 W. Va. 920, 123 S. E. 2d 829; *Layne* v. *Hayes,* 141 W. Va. 289, 90 S. E. 2d 270; *Harbert* v. *The County Court of Harrison County,* 129 W. Va. 54, 39 S. E. 2d 177; *State ex rel. Downey* v. *Sims,* 125 W. Va. 627, 26 S. E. 2d 161; *Taylor* v. *Taylor,* 66 W. Va. 238, 66 S. E. 690, 19 Ann. Cas. 414; *Beverlin* v. *Beverlin,* 29 W. Va.

732, 3 S. E. 36. See also *Queen* v. *Man Hospital, Inc.*, 128 W. Va. 574, 37 S. E. 2d 443; *Shenandoah Valley National Bank* v. *Hiett,* 121 W. Va. 454, 6 S. E. 2d 769; *Handy* v. *Scott, Baker and Company,* 26 W. Va. 710; *Stevens* v. *Brown,* 20 W. Va. 450; *Vance* v. *Snyder,* 6 W. Va. 24; 50 Am. Jur., Statutes, Section 244.

In failing to determine the questions of contraband and forfeiture with respect to the seized property in a summary manner and to direct its confiscation as provided by the statute if it should be found to be contraband and, instead of summarily determining those matters, in appointing a special receiver with authority to use the vending machines and at least a substantial portion of their contents in the business operations of the defendant for an indefinite period of time, the circuit court departed from the declared purpose of the statute and undertook to convert the summary proceeding which it provided into a proceeding in equity not authorized by the statute.

In resisting the issuance of the writ in this proceeding the defendant relies upon Section 1, Article 6, Chapter 53, Code, 1931, a statute which has been in effect in this State for many years and which provides that "A court of equity may, in any proper case pending therein, in which funds or property of a corporation, firm or person is involved, and there is danger of the loss or misappropriation of the same or a material part thereof, appoint a special receiver of such funds or property, or of the rents, issues and profits thereof, or both, * * *."

In considering the effect of the statute this Court has said that a court of equity should exercise extreme caution in the appointment of receivers on ex parte application and should be careful to determine that a proper case is presented before it adopts such extraordinary procedure, *Wilson* v. *Maddox,* 46 W. Va. 641, 33 S. E. 775; *Ruffner Bros.* v. *Mairs & Bro.,* 33 W. Va. 655, 11 S. E. 5; and that, quoting High on Receivers, Section 24, "Receiverships should be granted, as a general rule, only under peculiar and urgent circumstances, where the right to be protected is clear, and where there is no other safe, or expedient

remedy." *Wilson* v. *Maddox,* 46 W. Va. 641, 33 S. E. 775. It has also held, in numerous decisions, that under the statute a suit for the appointment of a receiver can not be maintained where the sole basis of equity jurisdiction is the appointment of such receiver and that there must be equity jurisdiction independent of the application for such appointment. *Hall* v. *McLuckey,* 134 W. Va. 595, 60 S. E. 2d 280; *Nolan* v. *Guardian Coal and Oil Company,* 119 W. Va. 545, 194 S. E. 347; *Meyers Bros.* v. *Harman Bros.,* 78 W. Va. 460, 89 S. E. 146; *Ward* v *Hotel Randolph Company,* 65 W. Va. 721, 63 S. E. 613; *Thompson* v. *Adams,* 60 W. Va. 463; 55 S. E. 668; *Baltimore Bargain House* v. *St. Clair, Trustee,* 58 W. Va. 565, 52 S. E. 660; *Rainey* v. *Freeport Smokeless Coal and Coking Company,* 58 W. Va. 424, 52 S. E. 528.

Under the statute in order to warrant the appointment of a receiver, the person seeking such appointment must show first, that he has a clear right to the property itself, or that he has some lien upon it, or that the property constitutes a special fund, to which he has a right to resort for the satisfaction of his claim; and secondly, that the possession of the property by the possessor was obtained by fraud, or that the property itself, or the income arising from it, is in danger of loss from the neglect, waste, misconduct or insolvency of the possessor. Point 4, *Kanawha Coal Company* v. *Ballard and Welch Coal Company,* 43 W. Va. 721, 29 S. E. 514; *Lawrence* v. *Montgomery Gas Company,* 84 W. Va. 382, 99 S. E. 496; *Sult* v. *A. Hochstetter Oil Company,* 63 W. Va. 317, 61 S. E. 307; *Thompson* v. *Adams,* 60 W. Va. 463, 55 S. E. 668; *Freer* v. *Davis,* 52 W. Va. 35, 43 S. E. 172, 94 Am. St. Rep. 910.

In *Sult* v. *A. Hochstetter Oil Company,* 63 W. Va. 317, 61 S. E. 307, the opinion contains this language: "A receivership is a harsh, drastic and costly remedy, violently disturbing and interfering with the rights of the parties whose possession is thereby ousted. Though the possession of the receiver may be, as is sometimes said, the possession of the owner or on his behalf, and will be so treated in the ultimate disposition of the case, he who is

in possession when the receiver is appointed must be regarded, at the outset, as *prima facie* the owner of the property. For this reason, courts of equity should exercise extreme caution in the appointment of receivers and always withhold the remedy until a proper case has been made therefor. *Ruffner Bros.* v. *Mairs & Bro.*, 33 W. Va. 655; Wood v. Wood, cited; *Kanawha &c. Co.* v. *Ballard &c. Co.*, cited; Freer v. Davis, 52 W. Va. 35. In the well considered case of *Kanawha &c. Co.* v. *Ballard &c. Co.*, it is said that, in order to obtain the appointment of a receiver, the plaintiff must show that he has a clear right to the property itself or a lien upon it or that it constitutes a special fund to which he has a right to resort for the satisfaction of his claim. It is believed that this Court has not in any instance departed from, or relaxed, this cardinal principle of law of receiverships. It has uniformly placed the burden upon the applicant to show a clear title to the right claimed by him or a very strong probability of the genuineness of his claim and the ultimate establishment thereof."

The record in this proceeding shows that the defendant American Cigarette Service, Inc., in support of its motion for the appointment of a receiver, has utterly failed to comply with these requirements, in the absence of which a court of equity is without jurisdiction to appoint a receiver. Here the undenied allegations of the complaint show that the property seized by the state tax commissioner was being used in violation of the statute and for that reason was contraband and forfeited to the State. Though the defendant American Cigarette Service, Inc. was the owner of the property before its seizure under the statute it has failed to show that it has a clear right to the property or some lien upon it or that it constitutes a special fund to which it has a right to resort for any purpose, and it has likewise failed to show that the possession of the property by the state tax commissioner was obtained by fraud or that the property or the income arising from it is in danger of loss because of the neglect, waste or misconduct of the state tax commissioner.

In this situation it is clear that in appointing the special receiver and in undertaking to authorize him to take pos-

session of the seized property and to use it in the operation of the business of the defendant American Cigarette Service, Inc., the circuit court, though having jurisdiction of the subject matter and of the parties in the action pending before it, exceeded its legitimate powers in exercising equitable jurisdiction, which in the present stage of the pending action it did not possess. In so doing it has disregarded the applicable provisions of the statute and defeated the purpose which the Legislature, in enacting it, intended to accomplish, which was the prompt confiscation of such property when used in violation of the provisions of the statute. The effect of the action of the circuit court in attempting to authorize the special receiver to use the seized property, which according to the presently undenied allegations of the complaint is contraband and subject to confiscation and forfeiture to the State, in the operation of the business of the defendant American Cigarette Service, Inc. is to permit the receiver to engage in conduct which if engaged in by the defendant American Cigarette Service, Inc. would subject it to criminal liability for violation of the provisions of the statute.

The circuit court in appointing the receiver to operate the business of the defendant American Cigarette Service, Inc. exceeded its legitimate powers for the additional reason that the statute under which the pending action in that court was instituted affords that defendant a plain, complete and adequate legal remedy to defend against the forfeiture and confiscation of the seized property and to vindicate such rights as it may have in and to such property; and, in consequence, a court of equity is without jurisdiction to appoint such receiver.

Sections 22 and 23, Article 17, Chapter 11, Code, 1931, as amended, relate to the procedure by which the state tax commissioner may revoke or suspend any license for cigarettes or tobacco issued to any wholesale or retail cigarette dealer. Section 22 provides that the commissioner shall have the right to revoke or suspend any license issued under the provisions of the statute and Section 23 provides, in part, that no such revocation or suspension shall be made by the commissioner unless and until a

hearing shall have been held after ten days notice to the
licensee, which notice shall contain a statement or speci-
fication of the charges, grounds or reason for such pro-
posed action; that at the time and place designated in the
notice the licensee shall have the right to appear and pro-
duce evidence in his behalf and to be represented by coun-
sel; that the hearing shall be conducted by the commis-
sioner or by an examiner designated by him in the com-
missioner's office or at such other place agreed upon by the
parties and the commissioner's decision shall be rendered
within thirty days after the hearing; that the action of the
commissioner in revoking or suspending the license of
such licensee shall be subject to review by the Circuit
Court of Kanawha County or of the county in which the
licensee resides; and that if aggrieved by the final order
of the circuit court either the commissioner or the licensee
may file a petition in the Supreme Court of Appeals for a
writ of error within thirty days from the date of the final
order of the circuit court.

The foregoing statutory provisions afford the defendant
American Cigarette Service, Inc. as a licensed cigarette
dealer, a full and complete legal remedy against any ac-
tion taken by the state tax commissioner to suspend or re-
voke its license. For that reason equity does not have
jurisdiction to interfere with or suspend action by the
state tax commissioner concerning the license issued to
the defendant American Cigarette Service, Inc. This
Court has held in many cases that when the remedy at
law is plain, complete and adequate a court of equity is
without jurisdiction to grant injunctive relief. *Backus* v.
*Abbot,* 136 W. Va. 891, 69 S. E. 2d 48; *Wiles* v. *Wiles,* 134 W.
Va. 81, 58 S. E. 2d 601; *Modern Show Case and Fixture
Company* v. *Todd,* 103 W. Va. 490, 138 S. E. 116; *Brinegar*
v. *Bank of Wyoming,* 100 W. Va. 64, 130 S. E. 151; *Moore* v.
*Hamilton,* 93 W. Va. 529, 117 S. E. 229; *Charleston Hard-
ware Company* v. *Warner Elevator Manufacturing Com-
pany,* 79 W. Va. 216, 90 S. E. 674, L.R.A. 1917C, 75; *W. M.
Ritter Lumber Company* v. *Lowe,* 75 W. Va. 714, 84 S. E.
566, L.R.A. 1916E, 718; *Burkhart* v. *Scott,* 69 W. Va. 694, 72
S. E. 784; *Connell* v. *Yost,* 62 W. Va. 66, 57 S. E. 299; *Gall* v.

*Tygart's Valley Bank,* 50 W. Va. 597, 40 S. E. 390; *Shay* v. *Nolan,* 46 W. Va. 299, 33 S. E. 225; *Lance* v. *McCoy,* 34 W. Va. 416, 12 S. E. 728; *Shepherd* v. *Groff,* 34 W. Va. 123, 11 S. E. 997; *Evans* v. *Taylor,* 28 W. Va. 184; *Rollins* v. *Hess,* 27 W. Va. 570; *Miller* v. *Miller,* 25 W. Va. 495. The circuit court was without equitable jurisdiction to enjoin the state tax commissioner from conducting the scheduled hearing to revoke or suspend the license of the defendant American Cigarette Service, Inc. and in granting the injunction by its order of September 4, 1963, it exceeded its legitimate powers. It also lacked jurisdiction to control or interfere by injunction or otherwise with public officers and tribunals in the exercise of purely legislative or governmental functions or the performance of ministerial acts of public officers under a valid statute, unless authorized to do so by statute or unless the manner of the performance of such act is in violation of law or constitutes a breach of official duty. *McVean* v. *The City of Elkins,* 127 W. Va. 225, 32 S. E. 2d 233; *County Court of Mingo County* v. *Bailey,* 97 W. Va. 351, 125 S. E. 253; *Spedden* v. *Board of Education,* 74 W. Va. 181, 81 S. E. 724; *Myers* v. *Circuit Court,* 64 W. Va. 444, 63 S. E. 201; *Mann* v. *County Court of Mercer County,* 58 W. Va. 651, 52 S. E. 776; *Belington and Northern Railroad Company* v. *The Town of Alston,* 54 W. Va. 597, 46 S. E. 612; *Board of Education of Black Fork District* v. *Holt,* 51 W. Va. 435, 41 S. E. 337; *Yoder* v. *Givens,* 179 Va. 229, 18 S. E. 2d 380. In the *Mann* case this Court said in point 5 of the syllabus that "In the absence of a statute conferring it, courts of equity have no power to control, by injunction or otherwise, public officers and tribunals in the exercise of purely legislative or governmental functions." In *Yoder* v. *Givens,* 179 Va. 229, 18 S. E. 2d 380, the opinion contains this pertinent language:

"Equity is conversant only with matters of property and the maintenance of civil rights. It does not undertake the revision or supervision of governmental action lawfully exercised through the executive or legislative departments. *Ferguson* v. *Board of Supervisors,* 133 Va. 561, 113 S. E. 860.

"The rule was early established in the case of *Marbury v. Madison,* 5 U. S. 137, 1 Cranch 137, 2 L. Ed. 60, that the courts will not interfere by injunction with executive officers in the lawful performance of official duties which are discretionary in their nature or involve the exercise of judgment. 2 High on Injunctions, 4th Ed., section 1326."

Both by statute and by many decisions of this Court the writ of prohibition lies as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy or, having such jurisdiction, exceeds its legitimate powers. Section 1, Article 1, Chapter 53, Code, 1931; *Rakes v. Ferguson,* 147 W. Va. 660, 130 S. E. 2d 102; *State ex rel. Zirk v. Muntzing,* 146 W. Va. 878, 120 S. E. 2d 260; *State ex rel. Smith v. Bosworth,* 145 W. Va. 753, 117 S. E. 2d 610; *State ex rel. Black v. Pennybacker,* 144 W. Va. 612, 110 S. E. 2d 265; *West Virginia Secondary School Activities Commission v. Wagner,* 143 W. Va. 508, 102 S. E. 2d 901; *State v. Cruikshank,* 138 W. Va. 332, 76 S. E. 2d 744; *Sidney C. Smith Corporation v. Dailey,* 136 W. Va. 380, 67 S. E. 2d 523; *State ex rel. Gordon Memorial Hospital, Inc. v. West Virginia State Board of Examiners for Registered Nurses,* 136 W. Va. 88, 66 S. E. 2d 1; *State ex rel. Peery v. Davis,* 135 W. Va. 824, 65 S. E. 2d 291; *Fisher v. Bouchelle,* 134 W. Va. 333, 61 S. E. 2d 305; *Village of Barboursville v. Hereford, Judge,* 133 W. Va. 375, 56 S. E. 2d 206; *State ex rel. Rufus v. Easley,* 129 W. Va. 410, 40 S. E. 2d 827; *State ex rel. Cosner v. See,* 129 W. Va. 722, 42 S. E. 2d 31; *Morris v. Calhoun,* 119 W. Va. 603, 195 S. E. 341; *State ex rel. Noce v. Blankenship,* 93 W. Va. 273, 116 S. E. 524; *Wolfe v. Shaw, Judge,* 113 W. Va. 735, 169 S. E. 325; *Weil v. Black,* 76 W. Va. 685, 86 S. E. 666; *Sperry v. Sanders,* 50 W. Va. 70, 40 S. E. 327; *Johnston v. Hunter,* 50 W. Va. 52, 40 S. E. 448; *Norfolk and Western Railway Company v. Pinnacle Coal Company,* 44 W. Va. 574, 30 S. E. 196, 41 L.R.A. 414.

For the reasons stated a writ prohibiting the defendants from enforcing and carrying out the provisions of the order of the circuit court appointing a receiver with authority to operate the business of the defendant American Cigarette Service, Inc. and prohibiting the defendant Hon-

orable John W. Hereford from enforcing the order entered by the circuit court enjoining the state tax commissioner from holding a hearing to revoke or suspend any licenses issued to the defendant American Cigarette Service, Inc. is awarded; but in awarding such writ this Court does not interfere with or prevent the Circuit Court of Cabell County from proceeding to hear and determine the issues presented in the action pending in that court concerning the questions of contraband and forfeiture and the rights of the parties in and to the property seized by the state tax commissioner, or consider or express any opinion respecting the merits of the action pending in the circuit court or concerning any of the foregoing questions in issue in such action; but, on the contrary, all those questions should be considered and determined by that court promptly and without further or additional delay.

*Writ Awarded.*