# CHARLESTON.

## WARD v. WARD'S HEIRS.

Submitted September 9, 1901.  .Decided December 14, 1901.

1.  ANSWER—*General Objection—Exceptions.*
    A general objection to an answer is good if it contain no matter whatever presenting a bar to any of the relief contemplated by the bill; but if it contain some matter good as such bar, and other matter not good, a general objection will not answer, but there should be exceptions pointing out the special objections. (p. 518, 519).

2.  APPEAL—*Conveyance—Error Released.*
    If an appellant, pending his appeal, convey all his right involved in the appeal to his adversary in the appeal, or in any way release error, the fact may be pleaded in bar of his appeal; but failure to so plead will not conclude the right of such adversary under his conveyance.  (p. 519).

3.  CONVEYANCE OF INTEREST—*Coparcener.*
    A conveyance from one coparcener to another coparcener of his undivided interest in the common land, does not pass his pre-existing demand against his coparceners or their interests in the land for improvements put upon the land, unless such demand is expressly released or transferred in the conveyance. (p. 521).

4.  SUPPLEMENTAL ANSWER—*Amended Bill.*
    If a supplemental answer is filed presenting new matter of defense, the plaintiff has right seasonably to file an amended bill to meet such new matter.  (p. 522).

5.  SPECIAL REPLICATION—*Special Reply—Affirmative Relief.*
    A special replication is not available in chancery practice, but an amended bill must be used. Under section 35, chapter 125, Code, a special reply may be made to an answer of new matter calling for affirmative relief and answering the purpose of a cross bill; but a special replication is a different thing.  (p. 522).

Appeal from Circuit Court, Taylor County.

Suit by L. E. Ward against Maria Ward's heirs.    Decree for defendants, and plaintiff appeals.

*Reversed.*

W. R. D. DENT, for appellant.

G. H. A. KUNST and IRA C. ROBINSON, for appellees.

BRANNON, PRESIDENT:

As will be seen in a·former decision in this case, 40 W. Va. 611, Maria Ward died seized of a hotel property known as the "Ward House" in Grafton, leaving six children, to whom it descended, and one of the coparceners, L. E. Ward, brought a chancery suit in the circuit court of Taylor County having for its purposes a sale of the property on the ground of its insusceptibility of partition, and compensation to him for improvements made upon the property adding to its value. A decree was rendered denying all claim by L. E. Ward for improvements, and this court reversed the decree and remanded the case to the circuit court for further proceedings, after holding that Ward should be compensated for his improvements according to the principles stated in said former decision. When the case went back to the circuit court it was referred to a commissioner to report the enhanced value of the property by reason of L. E. Ward's improvements, and he reported the amount due Ward on account thereof to be one thousand three hundred and eighty-eight dollars and thirty-three cents. While the case was before the commissioner Mrs. Laverna N. Boyles produced a deed from the plaintiff, L. E. Ward, conveying to her his one-sixth undivided interest in·the property, and claimed that such conveyance debarred L. E. Ward from any further demand in the case. Afterwards Laverna N. Boyles filed a supplemental answer setting up that deed in bar of all further claim by L. E. Ward in the suit, and the court entered a decree stating that that deed debarred the plaintiff from any relief on account of said improvements, and dismissed the plaintiff's bill, and L. E. Ward has taken this appeal.

When the supplemental answer of Mrs. Boyles was offered objection was made to it, and the action of the court in allowing the supplemental answer to be filed is assigned as a ground of error. The objection to the answer was simply general, and did not consist of exceptions pointing out the vice of the answer which exception should always be made to an answer as there is no demurrer to an answer. The better practice is, not to make a general objection, but to make specific exceptions, as stated in *Bennett* v. *Pierce,* 45 W. Va. 654; but as there stated our practice is loose in this matter, and a general objection is generally used. Often it will prove in-

adequate, as where the answer contains good and bad matter distinct; but where the answer presents in law no bar, taken as a whole, I suppose a general objection would be available. The answer set up no matter existing before the decree. Under this head we must consider the effect of that deed from L. E. Ward to Mrs. Boyles. Mrs. Boyles was owner of all the interests in the property, except L. E. Ward's one-sixth. After the first decree, after the first appeal had been taken, and before its decision, that deed was made, conveying in consideration of eight hundred dollars "a one-sixth undivided interest in and to the following property (describing it). The interest conveyed being inherited by said Lafayette E. Ward from his mother, the said Maria Ward, known as the 'Ward House.'" Does this deed take away plaintiff's right to improvements? The plaintiff meets this deed with the contention that the former decision of this Court is *res judicata* upon the entire claim of Mrs. Boyles to defeat L. E. Ward's demand, that whatever effect that deed might have, the decree of this Court made subsequent to its date, deprives it of its legal effect on the principle of *res judicata,* and that for that reason the deed cannot deprive Ward of his demand for improvements. This presents a question somewhat nice. After the making of that deed, if it had legal operation to end Ward's demand for improvements, Mrs. Boyles could have pleaded it in this Court in bar of any decree upon the first appeal on the theory that it ended L. E. Ward's right, and left no controversy pending in this Court, because it passed his right to her. 2 Ency. Pl. & Prac. 167. "Where a party by his acts or express agreement releases appealable error, he waives all right of appeal." 2 Ency. Pl. & Prac. note p. 174; 7 *Id.* 870. If it has the legal effect claimed for it, that is the deed, it could have been pleaded as a release of error. Matters transpiring after decree operating to release the plaintiff's right or the error complained of may be pleaded in the appellate court. 7 Ency. Pl. & Prac. 871; Powell on App. 122, 183; 13 Am. Dec. 550. Where there is no longer an existing cause of action or controversy, the appeal will be dismissed. *Ferguson* v. *Millendor,* 32 W. Va. 30; *San Mateo County* v. *Southern Pac. R. R.,* 116 U. S. 138; 7 Ency. Pl. & Prac. 904. It is a principle of *res judicata* that a decision is conclusive, not only as to every matter which was offered or received to sustain or defeat the claim, but also as to every other matter which might have been used for

that purpose. *Wandling* v. *Straw,* 25 W. Va. 692; 1 Herm. Estop. s. 411; *Cromwell* v. *County of Sac,* 94 U. S. 351. Under that rule it is a serious question whether the decree of this Court on the former appeal does not shut out that deed. Upon this precise question I have not been furnished, and have not found any authority; but I have concluded that the decree does not take away right to pay for improvements, whatever may be the legal effect of that deed. I make a distinction, in this respect, between the decrees of this Appellate Court and those of the court below. There is a reason why matters admissible in a trial court to sustain or defend a suit, not brought in, should be precluded and concluded by the judgment or decree, because they existed prior to that judgment and should have been brought in, the case being in a court of original jurisdiction; whereas an appellate court takes the case as the record was on the date of the final judgment or decree appealed from, and does not include matters afterwards happening, and I do not see that there is reason to demand the presentation in the appellate court of matters occurring after judgment or decree of the court below, though pleadable in bar of the writ of error or appeal, as strong as that reason which requires every thing to be brought into the court below. With present lights I cannot see clearly that that deed is foreclosed by our former decree.

Is there any other reason why the deed shall not have the operation claimed for it to bar the plaintiff's demand? It takes away from the plaintiff and passes to Mrs. Boyles the one-sixth interest of L. E. Ward in the real estate itself; but does it take away from said Ward and pass to said Boyles Ward's demand for improvements? It is claimed that this demand is so inseparably connected with Ward's estate in the property that this demand claimed for improvements passed as appurtenant to the very estate in the property, as incident to it. We must be able to say, to give the deed that effect, that this money demand is part and parcel of the very realty itself, adhering to it, inhering in it, an appurtenance, so to speak; for it is not mentioned in the deed, that instrument conveying only the one-sixth interest which Ward inherited from his mother, and he inherited no demand for improvements from his mother. It is argued that the deed made no reservation of this demand of money for improvements. Unless it be a part of the realty itself, no reservation was necessary, as that is only necessary

where without it, the thing reserved would pass. No authority is presented to show that this deed would destroy Ward's further demand, whatever it be, for permanent improvements. I think that instead of their being a call for the insertion in the deed of a reservation of the demand for compensation for improvements, there must be a clause expressly including that demand in the deed, in order to debar Ward from his further claim on that account. And why this position? Ward's demand for improvements is a mere money demand, not a part of the realty. In a court of law, if available there, it would be for money expended for the use of the other parties, in the improvement of their estate. If one co-parcener improve with the assent of another, that other becomes liable to his fellow for money laid out for him, and sues in *assumpsit.* Courts of equity give him a lien on the land. This is a mere creature of a court of equity, a debt chargeable as a lien on the land, and gives no right to the land. The tenant spending money in improvements cannot hold the land until they are paid for. He can only ask a court of equity to charge the improvements upon the land. Freeman, Coten. & Part., ss. 262, 510; *Huston* v. *McCluney,* 8 W. Va. 135. The conclusion is that this deed does operate to pass to Mrs. Boyles Ward's interest in the hotel itself, so as to preclude Ward from having the proceeds of its sale; but that it does not preclude him from charging improvements on other shares according to the principles decided on the former appeal. When a man conveys land on which he has a lien it passes the lien, no doubt; but this lien did not touch this sixth interest, but bound the other interests for the surplus beyond that portion of it chargeable to Ward. Therefore, this answer was properly received to show the transfer of Ward's interest in the realty itself, and give Mrs. Boyles its share of the proceeds of sale, and so far presented a good defense, but did not present a defense to Ward's demand for improvements, and it was error to decree its operation, I mean the operation of the deed, to the total defeat of Ward's suit.

After the court announced its decree the plaintiff asked leave to file an amended bill; but he presented no amended bill so as to let us know what it proposed to introduce into the case and judge of its materiality or relevancy. Besides, the record shows that there was no request to file it until after the court had decided the case; indeed, it shows that the plaintiff consented to

the submission of the case on the general replication to the supplemental answer, and therefore the application to file the amended bill came too late. Unquestionably when that supplemental answer introducing new matter came in the plaintiff had clear right to file an amended bill to meet that new matter, had he requested it before the submission of the case. *Doonan* v. *Glynn,* 26 W. V. 225; *Lamb* v. *Cecil,* 25 *Id.* 228; 1 Ency. Pl. & Prac. 486. It is useless, however, to say what I have said on this point, because the plaintiff will have leave, when the case goes back to the circuit court, to file an amended bill containing proper matter to meet the matter of the supplemental answer, if advised that it is material to do so. The decree says that a special replication to that answer was filed. What it contained we do not know, as it is not in the record; but special replications are not admissible in chancery cases. Special replies may be filed under section 35, chapter 125, Code 1899, to an answer of new matter calling for affirmative relief; but special replications are not admissible. If the plaintiff wants to contest that deed he must do so by amended bill. *Chalfant* v. *Martin,* 25. W. Va. 394. It is hardly material to add, as it is apparent, that the same reasons for refusing an amended answer bringing in matters existing before the commencement of the suit mentioned in *Foutty* v. *Poar,* 35 W. Va. 70, do not exist in the case of a supplemental answer, that is, an answer introducing matters transpiring after the suit commenced and first answer, and as such an answer is allowable, there is a clear right to a plaintiff to file an amended bill containing proper matter to meet the new matter of the supplemental answer. This right is given by section 12, chapter 125, Code, general chancery practice. Such amended bill must be seasonably presented and actually tendered before the submission of the case. How long before depends upon the question of what time has transpired after the filing of the supplemental answer. In this case leave to file an amended bill was asked on the same day, but after the submission and decision, and no amended bill was actually presented. A brief says that counsel stated the matter which it was proposed to present in the amended bill, and that the court ruled that if presented it would not meet the defense set up in the supplemental answer; but we know nothing of this by record.

The circuit court has not yet passed on the commissioner's

report or the exceptions to it, and the case will have to go back for its action thereon. If the court shall decide that the plaintiff is entitled to any compensation for improvements, relief can be given in this case, notwithstanding the transfer of L. E. Ward's interest in the realty, as when a court has properly jurisdiction for several reliefs, it may retain the case for the purpose of giving all the relief proper under the bill.

The decree is reversed and the case remanded.

*Reversed.*