RUSSELL, APPELLEE, *v.* RUSSELL ET AL., APPELLANTS.

(Decided August 15, 1939.)

Mr. *S. S. Beard* and Mr. *Paul Spriggs,* for appellee.
Messrs. *Hughes & Hughes,* Messrs. *Meredith &
Meredith* and Mr. *Harry B. Brattain,* for appellants.

GUERNSEY, J. This is an appeal on questions of
law and fact from a judgment of the Common Pleas
Court of Paulding county. The action is one in parti-
tion wherein Clara Russell is plaintiff and William
Russell, Hazel Russell and G. Dale Cremean, as trus-
tee in bankruptcy of the estate of William Russell,
bankrupt, are defendants.

There are only three questions involved in the appeal, to wit:

1. Whether the defendant, G. Dale Cremean, as trustee in bankruptcy of the estate of William Russell, bankrupt, is subject to the jurisdiction of the court herein.

2. Whether Clara Russell, the plaintiff, who acquired title to an undivided half of the premises in controversy through quit-claim deed from a co-tenant of William Russell in the premises, where such co-tenant had made improvements to the premises and where such deed did not purport to transfer or convey to her any rights of the co-tenant against William Russell to an accounting or for a lien for improvements, is entitled to an accounting or lien for such improvements in this partition action.

3. Whether Hazel Russell, the wife of the bankrupt, William Russell, is entitled to an allowance for the value of her inchoate right of dower in the proceeds of the undivided half of the premises belonging to the bankrupt, as against the trustee in bankruptcy.

These questions will be considered in the order mentioned.

The defendant, G. Dale Cremean, trustee in bankruptcy of William Russell, bankrupt, was duly made a party in this action, duly served with summons, and filed his answer herein, later filing an application to take, wherein he recited that he had first been authorized and directed by the referee in bankruptcy in the bankruptcy proceedings to make his election to take the real estate at the appraised value. He participated in all the proceedings in the case had in the Common Pleas Court, and during the pendency of the cause filed his application In the Matter of William Russell, Bankrupt, in the United States District Court, Northern District of Ohio, Western Division, cause number 14437, for an order rescinding the court's order of sale insofar as the same pertained to the

premises described in the petition, and for permission to accept his proportionate share of the sum of $5,500 less his share of taxes and costs against him in the partition proceedings, and that he be relieved of any further duties toward the real estate. On this application it was ordered by the referee in bankruptcy that the order of sale theretofore issued by the court, insofar as it pertained to the real estate described in the petition, was rescinded, and the trustee was ordered to accept his proportionate share of the proceeds received from the sale of the real estate in the partition proceedings described in the trustee's application theretofore filed therein.

The Common Pleas Court, subsequent to the making of that order by the referee in bankruptcy duly ordered sale and confirmation of sale of the premises at the price mentioned in the application. The trustee in bankruptcy thereafter appealed this case to this court.

Under the laws of Ohio, only a party to a partition proceeding interested in the subject-matter thereof is entitled to elect to take the premises involved in the proceeding and the amount paid by the elector, in case such election is affirmatively acted upon, takes the place of the real estate subject-matter and is subject to the orders and adjudication of the court in the partition case. Consequently the authorization and direction to the trustee in bankruptcy, by the referee in bankruptcy, to make his election to take the real estate at the appraised value constituted a consent on the part of the bankruptcy court to participation by the trustee as a party in the action, and to the adjudication of the subject-matter of the action by the Common Pleas Court. This fact, together with the other facts mentioned, operated as a relinquishment by the Bankruptcy Court of such jurisdiction as it had in the matter to the Common Pleas Court, and, on appeal, to this court.

■ Whether a written instrument or quitclaim deed of the character made by Byron Russell and Rose Russell, husband and wife, to Clara Russell, operated to transfer the equitable claim which Byron Russell may have had, because of the fact that he made improvements to the real estate which he owned as a cotenant with William Russell, is discussed in the opinion in the case of *Curtis* v. *Poland,* 66 Tex., 511, 513, 2 S. W., 39, as follows:

"It is evident that one tenant in common cannot make the fact that he has made improvements on the common property operate as a conveyance to him of any right, title or interest in or to the land on which such improvement is made. Improvements, so made, may confer upon the cotenant maker an equity, which a court of equity will protect by setting apart to him in partition the part of the common property on which the improvement is made, if this can be done without detriment to the other cotenants; or, if this cannot be done, the court will protect him, in proper cases, by awarding compensation for improvements beneficial to all; or will consider the value of improvements so made, in the adjustment of equities growing out of the fact that the cotenant so improving has received and become accountable for rents, but such equitable claim is neither a right, title nor interest in or to the land so improved. That such an equitable claim might be assigned we have no doubt, and that it would pass by a warranty deed purporting to convey land so improved, or even by a quitclaim deed, which, in terms, purports to convey the improvements, is most probably true.

"Such a claim for improvements is rather an equitable charge upon the land improved, than a right, title or interest in or to it; and it has sometimes been declared that a cotenant has a lien to secure compensation to him for necessary or proper improvements made by him on the common property. Such an equit-

able claim, even if secured by lien, surely would not pass to a purchaser from a cotenant through a deed not sufficient to pass a debt secured by lien created by contract; and it would not be contended that a debt secured by mortgage upon the common property, executed by one cotenant to another, would pass by a quitclaim deed which only purports to convey the right, title and interest of the mortgagee in the common property.''

A similar question was discussed in the opinion in the case of *Ward* v. *Ward's Heirs*, 50 W. Va., 517, 520, 40 S. E., 472, in which a deed similar to the deed in the case at bar is involved. It was there stated:

''It is claimed that this demand is so inseparably connected with Ward's estate in the property that this demand claimed for improvements passed as appurtenant to the very estate in the property, as incident to it. We must be able to say, to give the deed that effect, that this money demand is part and parcel of the very realty itself, adhering to it, inhering in it, an appurtenance, so to speak; for it is not mentioned in the deed, that instrument conveying only the one-sixth interest which Ward inherited from his mother, and he inherited no demand for improvements from his mother. It is argued that the deed made no reservation of this demand of money for improvements. Unless it be a part of the realty itself, no reservation was necessary, as that is only necessary where without it, the thing reserved would pass. No authority is presented to show that this deed would destroy Ward's further demand, whatever it be, for permanent improvements. I think that instead of their [*sic*] being a call for the insertion in the deed of a reservation of the demand for compensation for improvements, there must be a clause expressly including that demand in the deed, in order to debar Ward from his further claim on that account. And why this position? Ward's demand for improvements is a mere money

demand, not a part of the realty. In a court of law, if available there, it would be for money expended for the use of the other parties, in the improvement of their estate. If one coparcener improve with the assent of another, that other becomes liable to his fellow for money laid out for him, and sues in *assumpsit*. Courts of equity give him a lien on the land. This is a mere creature of a court of equity, a debt chargeable as a lien on the land, and gives no right to the land. The tenant spending money in improvements cannot hold the land until they are paid for. He can only ask a court of equity to charge the improvements upon the land. *Freeman, Co-ten. & Part., ss.* 262, 510; *Huston* v. *McCluney,* 8 W. Va., 135. The conclusion is that this deed does operate to pass to Mrs. Boyles Ward's interest in the hotel itself, so as to preclude Ward from having the proceeds of its sale; but that it does not preclude him from charging improvements on other shares according to the principles decided on the former appeal. When a man conveys land on which he has a lien it passes the lien, no doubt; but this lien did not touch this sixth interest, but bound the other interests for the surplus beyond that portion of it chargeable to Ward.''

On this question there is also an *ipse dixit* holding to the contrary in the case of *Gram* v. *Smith,* Dayton Rep., 149, but as against this holding we approve and apply the reasoning in the cases above mentioned and therefore hold that no right passed to plaintiff by virtue of the deed mentioned to have a lien or charge on the proceeds of the real estate partitioned, for improvements made by her grantor.

■ With reference to the claim of Hazel Russell for an allowance in lieu of her inchoate right of dower in the undivided one-half of the real estate owned by William Russell, bankrupt, it is stated in 30 Ohio Jurisprudence, 931, Section 114, that in an action in partition an inchoate right of dower in an undivided in-

terest is replaced by a right to dower in the proceeds, as against the creditors of the consort, or as against a trustee for such creditors.

This statement is supported by the decisions in the cases of *Smith, Trustee, v. Rothschild*, 4 C. C., 544, 2 C. D., 698, and *Gillett v. Miller*, 12 C. C., 209, 5 C. D., 588, the latter being a case decided by the Circuit Court of this district.

The trustee in bankruptcy, so far as this case is concerned, stands in the position of a creditor of the bankrupt armed with process, and as against him the wife, Hazel Russell, is entitled to an allowance in money of the present worth, computed on the American Tables of Mortality, of her expectancy in dower in the net proceeds of the undivided one-half of the real estate constituting à portion of the bankrupt's estate, to be paid to her out of such undivided half. Decree will be entered accordingly.

*Decree accordingly.*

KLINGER, J., concurs.

CROW, P. J., dissenting. The point raised by appellant, trustee in bankruptcy, that there was no jurisdiction in the Common Pleas Court, and that there is none in this court, of the subject-matter of the claims for improvements and inchoate dower is, in my opinion, well taken and consequently the appeal should not be entertained.

The real estate which is the subject of the controversy between the parties, came within the jurisdiction of the federal court as of the date the petition in bankruptcy was filed and has remained there, except as relinquished by that court to the Common Pleas Court of Paulding county, Ohio. The extent of that relinquishment must be found solely in the words of the order conferring it which are these:

"The trustee is hereby ordered to accept his proportionate share of the proceeds received from the sale of such real estate in the partition proceedings described in the trustee's application heretofore filed herein."

Therefore, exclusive jurisdiction of the claims for improvements made by the cotenant, and compensation for inchoate dower, are still within the bankruptcy proceeding in the District Court of the United States, Northern District of Ohio.

Since the present case was submitted the writer of this dissent asked the very able and long experienced referee in bankruptcy, the Honorable Walter S. Jackson, Lima, Ohio, who formulated and granted the order, his interpretation of it, with the result that Mr. Jackson informed the writer that it was the purpose and intent of the order that the proceeds of the sale in the partition case should not be disturbed beyond retention by the Common Pleas Court of the amounts covering taxes and costs, and that the full one-half of the proceeds less taxes and costs should be paid to the trustee for adjudication and distribution within the federal court. This statement is made with the consent of Mr. Jackson.

In view of the writer's firm opinion that there is no jurisdiction here of the claims for improvements and inchoate dower it may be superfluous to discuss their disposition by the judgment of the majority. However, I am constrained to say that the holding on the dower feature is undoubtedly in accord with the law as settled by the Ohio courts but the decision relative to the improvements by a predecessor cotenant is out of harmony with the only reported Ohio case mentioned in the majority opinion, appearing in Dayton Reports, page 149, which being absent from very many law libraries, will be fully copied here.

*"Partition.*

"[Montgomery Superior Court, March Term, 1867.]

"Delia Gram v. Edward Smith.

*"Improvements belong to tenant in common making them.*

"Where one purchases the undivided interest of a tenant in common in real estate, he stands in the same relation to the other tenants in common, in reference to the improvements, as the former owner, and under the well settled principle in equity, the part improved by a tenant at his own expense, upon partition, will be set off to him, if practicable; and if the premises are sold, then the tenants making the improvements is [*sic*] entitled to pay for the same.

"The petition sets forth that the plaintiff is the owner of one undivided half of a certain tract of land, and that Edward Smith is a tenant in common with her in said premises; that in 1861 David Gram, son of the plaintiff, was the owner of one undivided one-half of said premises, and that he occupied the same with the plaintiff; that it became necessary to have a house built on the premises for a residence for the plaintiff and her son, and that it was agreed that the plaintiff should build the house and own the same herself. That pursuant to the agreement a house was built. About 1860 David Gram mortgaged his half of the premises. In 1866 the interest of David Gram was sold to Edward Smith, who, at the time of purchasing, had notice that the plaintiff held a claim against said property for the improvements thereon, and that the plaintiff claimed the residence and the land on which it stood.

"The plaintiff asks that partition be made of said premises; that the part of said premises may be assigned to her on which she made the improvements, and that, in making partition, the commissioners be ordered to look only to the land and divide it without regard to the improvements made by her, so that she

may have her full share of the land and the benefit of the improvements made by her.

"The defendant for answer, admits that he is tenant in common with the plaintiff, but denies that he had any knowledge of any agreement between the plaintiff and David Gram, in reference to improvements on said premises, and denies that he had legal notice of any claim of the plaintiff to more than the undivided half of said premises.

"HAYNES, J. Smith stands in the same relation to the plaintiff, in reference to the improvements, as the son. It is a very well settled principle in equity, that that part of the premises which has been improved by a tenant in common, upon partition shall be set off to the one making the improvements, if practicable. If the premises are sold, then the tenant making the improvements, is entitled to pay for the same. The commissioners in this case will set off to the plaintiff that part of the property improved by her, without reference to the improvements, if practicable. If the premises are sold, she is to receive payment for the improvements.