## CHARLESTON.

ALICE E. SNODGRASS *et als. v.* COLUMBUS A. SNODGRASS, *Exr. et als.*

(No. 6030)

Submitted March 5, 1929.     Decided March 12, 1929.

*Henry S. Lively* and *Kennis K. Snodgrass,* for appellant.
*Victor H. Shaw,* for appellees.

LITZ, JUDGE:

The defendant, Columbus A. Snodgrass, (as surviving partner of the firm of Snodgrass Brothers, composed of himself and his brothers, Thomas J. J. Snodgrass and Charles R. Snodgrass), appeals from a decree of the circuit court, dated March 20, 1927, appointing a special receiver for the assets of the partnership consisting of large areas of farm, coal, oil and gas lands and other property, in West Virginia.

The defendant qualified as executor of Thomas J. J. Snodgrass who died in May, 1902, and as executor of Charles R. Snodgrass who died in October, 1908. Failing to account as executor of either estate, or as surviving partner of the firm, a suit was instituted in 1922, by the beneficiaries under the wills of Thomas J. J. Snodgrass and Charles R. Snodgrass against Columbus A. Snodgrass to require an accounting by him in each capacity; and the cause was referred to a commissioner for that purpose.

The decree complained of (pronounced upon the petition of the beneficiaries under the wills of Thomas J. J. Snodgrass and Charles R. Snodgrass) was entered before the commissioner had filed his report, and a short while after a receiver had been appointed at the instance of the creditors of the defendant to take charge of his individual property, and after the county court had removed him as executor of the estates of Thomas J. J. Snodgrass and Charles R. Snodgrass. He has accomplished little, if anything, in disposing of the partnership property or settling its affairs.

The circuit judge did not, under the circumstances, as defendant contends, abuse his discretion in the appointment of the special receiver. A special receiver may be appointed to take charge of partnership assets in the hands of a surviving partner who has failed to act or is guilty of mismanagement of the partnership affairs. 23 R. C. L., 30; 72 Am. St. Rep. at page 84; Rowley's Modern Law of Partnership, p. 815; 30 Cyc. 637; section 28, chapter 133, Code. "The question whether or not a receiver will be appointed in a case is addressed to the sound discretion of the court under all the circumstances, and this discretion when exercised will not be

138

interferred with on appeal except where the discretion has been manifestly abused.'' *Lamp* v. *Homestead Building Assn.*, 62 W. Va. 66. The right of the petitioners to apply for a special receiver is not questioned by demurrer or otherwise, the only contention of the defendant being that the circumstances do not warrant the appointment.

The decree of the circuit court is affirmed.

*Affirmed.*