LENA JUNE WARD *et al. v.* BRUCE WARD *et al.*

(No. 8548)

Submitted October 19, 1937. Decided December 14, 1937.

*Joseph J. Madden,* for appellant.
*Talbott & Hoover,* for appellees.

MAXWELL, JUDGE:

This is an appeal from a decree of the circuit court of Randolph County appointing a receiver of a farm and of live stock and other personal property thereon.

The suit is for partition of the land and personalty. The plaintiffs are Lena June Ward, Elihu Bess Ward and Emma Ward, sisters; the principal defendant is their brother, Bruce Ward; the other defendant, merely nominal, is Marie Poling, another sister.

The plaintiffs and their brother reside together at the family homestead on a farm of about 390 acres in Randolph County. Their mother died testate in May, 1933, and, by her last will, devised the real estate jointly to the plaintiffs, and bequeathed to them all her personal property, except certain inconsequential and immaterial items. A few weeks subsequent to the probate of their mother's will, the plaintiffs conveyed to their brother an undivided one-fourth interest in the real property and assigned him a like interest in the personalty. The sister, Marie Poling, is not interested in the controversy. She is made a party because for a time she was vested with a three-fourths interest in the personal property under assignment to her by the plaintiffs, but immediately before the institution of this suit, she reassigned to her sisters.

The essence of the plaintiffs' allegations against their brother is that they conveyed to him an interest in the farm and assigned to him an interest in the personal property because of his dissatisfaction respecting their mother's will, though they aver that in her lifetime, their

mother had conveyed to him a tract of 70 acres of land, and that it was because of such grant she did not make provision for him in her will; further, they allege that because of the arrogant and dictatorial disposition of Bruce Ward and the resultant continuous friction and disagreement between themselves and him, and because of his continued refusal to consult with them or to accept any suggestions from them respecting the operation of the farm, it is their desire that there be partition of both the land and the personal property, and they pray that, pending such partition, the court appoint a special receiver to take charge of the property and to operate the same.

The receivership decree was entered on the bill, answer and general replication.

In his answer, Bruce Ward seemingly undertakes to answer all of the allegations of the bill. He admits the joint ownership of the property as alleged, but "respondent denies that said property was conveyed to him with the understanding that the plaintiffs and respondent would operate the farm and maintain the home in peace and harmony, but as respondent understood at that time, said conveyance was the free act of the plaintiffs." He denies that there was any disagreement or friction between him and the plaintiffs with respect to the operation of the farm, or the maintenance of the home during the first year he operated the farm after the death of their mother, and denies that he was either arrogant or dictatorial concerning such matters, and he avers "that the disagreement which arose in the fall of 1933 between respondent and plaintiffs was caused wholly by the plaintiffs claiming the right to collect, as a part of the estate of their deceased mother, a claim for damages which the respondent had against the County Court of Randolph County, West Virginia, by reason of the construction of a road through his land, which said claim belonged in its entirety to your respondent."

On this appeal, Bruce takes the position that by reason of the denial by his answer of the charges against him in the bill, the circuit court was not warranted in appointing a special receiver. In support of this point, re-

liance is had on the proposition that where the averments of a bill are fully and fairly denied by answer, unless the plaintiffs overcome by proof the effect of such denial, the matter of the appointment of a receiver should not be regarded as within the discretion of the court, and that in the face of such denial, it is error to appoint a receiver. *Wilson* v. *Maddox*, 46 W. Va. 641, 33 S. E. 775. The equitable principle thus relied on is clear, but emphasis must be laid on the fact that the principle applies only where the answer fully and fairly denies the bill's allegations which would justify a receivership.

We share the trial chancellor's view that the denials of the answers herein are insufficient as a basis for the rule sought to be invoked. At the outset, Bruce Ward's interest in the property came to him only in consequence of the generosity of his three sisters who are the plaintiffs. The gist of their allegations respecting the gift is that it was made to procure harmony, and with the hope and understanding that the plaintiffs and their brother could continue to live at the home place and operate the farm and maintain the home in peace. As already noted, he admits the conveyance, avers that it was the free act of the plaintiffs, and denies there was any understanding that they should maintain the farm and home harmoniously. On this showing, the chancellor was warranted in the deduction that the initial and underlying equities decidedly preponderated in favor of the plaintiffs, and that the answer of Bruce Ward in this particular did not fully and fairly meet the allegations of the bill.

Again, as noted above, though Bruce denies that there had been friction and misunderstanding between him and the plaintiffs respecting the operation of the farm, he avers that disagreement did arise between him and them in the fall of 1933 respecting a certain claim against the county court. Thus, admittedly, there was discord among the parties. Notwithstanding he denies the allegations that he is acting arbitrarily toward the property and is neglecting the same, and that loss will be occasioned to the plaintiffs by reason of his conduct, we are of opinion the chancellor was justified in the belief that loss would inevitably arise because of serious dissension in the fam-

ily circle. Such incapability of harmonious action can, in the natural order of things, be attended by but one financial consequence—loss.

On a background such as this, there exists in a trial chancellor a reasonable discretion respecting the appointment of a receiver; and, in such circumstances, his action in making an appointment will not be reversed unless involving manifest abuse of discretion. *Lamp* v. *Homestead Building Association,* 62 W. Va. 56, 57 S. E. 249; *Snodgrass* v. *Snodgrass,* 107 W. Va. 136, 147 S. E. 483.

Being of opinion that the chancellor's action did not involve abuse of discretion, but was grounded in sound deduction, we affirm the decree.

*Affirmed.*