J. L. BONNER *and* E. S. BONNER, *v.* ANNA B. CAIN, *Administratrix, etc., et al.*

(No. 8845)

Submitted April 19, 1939. Decided June 20, 1939.

*Joseph J. Madden* and *John A. Cain,* for appellant, Anna B. Cain.

*E. L. Maxwell, D. K. Crawford,* and *Keith Cunningham,* for appellees.

RILEY, JUDGE:

Anna B. Cain, in her own right and as administratrix of the personal estate of her deceased husband, James Cain, prosecutes this appeal and supersedeas from a decree of the Circuit Court of Randolph County appointing a receiver for a certain business property, i.e., a lot in the City of Elkins upon which is situate the Cain Building, and which property is owned equally by the estate of James Cain, deceased, and Anna B. Cain.

This suit was brought in February, 1937, by J. L. and E. S. Bonner to settle the estate of James Cain, deceased; to subject his real estate to the payment of his debts; to enforce a deed of trust lien against the business property aforesaid given to secure a certain "bearer" note, due February 1, 1933, and owned at the time of suit by plaintiffs; and to have a special receiver appointed to take over the management of said estate.

The Bonners leased one of the storerooms on the first floor of the business property in 1931. James Cain died, intestate, in 1932. Thereafter, Mrs. Cain, on behalf of herself and children, took over the management of the estate which, except for rents due and owing from the business property, consisted wholly of real estate. A second lease, signed by Mrs. Cain and the Bonners, for a period of two years was executed in April, 1934. During the term of the second lease, difficulties arose between the contracting parties with reference to some of its provisions. In September, 1936, following the expiration date of the second lease, the Bonners, who had continued to hold over, and to protest rents claimed due by Mrs. Cain, purchased the bearer note, heretofore mentioned. This note had been executed in 1928 by Mr. and Mrs. Cain, and was secured by a deed of trust of even date, executed by Mr. and Mrs. Cain, on the business property. Mrs. Cain, who had been acting on behalf of herself and the estate and who had been appointed as administratrix in 1935, permitted the taxes to become delinquent in 1936, and in 1937, the several properties, except a residence property theretofore purchased by her, were sold for non-payment of taxes to the Bonners. The 1937 taxes were not paid. It also appears that no payments were made after February, 1936, on the "bearer" note held by the Bonners, nor was any interest paid beyond that time.

No appraisement was ever made of the estate of James Cain, and no statement of account made to the commissioner of accounts by the administratrix. Mrs. Cain did not appear before the commissioner in chancery. However, a report, covering the period November 1, 1932, to January 1, 1938, was introduced with the testimony of a son, on behalf of Mrs. Cain as agent and as administratrix, which purported to show all receipts and expenditures. This testimony was not supported by vouchers. From this report, it would appear that Mrs. Cain had paid out of her own funds some $6,949.00 more than she had taken in on behalf of the estate.

After the submission of the cause to a special commissioner in chancery, pleadings were filed on behalf of Anna

B. Cain, as administratrix, and in her own right and as widow of James Cain, deceased, seeking to have the deed of trust debt purged of certain alleged usury, and also to have offset against such debt a substantial item which was claimed to be due and owing from the Bonners on rent. The commissioner found against Mrs. Cain on the matter of usury, and equalized the claim between the parties in regard to the rent, and deducted such amount from the trust secured indebtedness. Exceptions were filed to the foregoing report on behalf of the plaintiffs, defendant Mrs. Cain, and defendant, Standard Oil Company, a judgment creditor.

On March 16, 1938, the chancellor, upon further hearing on the motion of the Bonners, joined in by other creditors of the Cain estate, for a receiver for the business property, and for all the other real estate owned by the estate of James Cain, granted a receiver for both interests in the business property aforesaid. The order appointing the receiver directed him to take charge of and rent the property; collect rents, including those in arrears at the time of appointment; pay current bills, such as gas and water; make needed limited repairs; and, after paying bills, to pay one-half the balance of all monthly rentals collected by him to Anna B. Cain. The costs of the receivership, according to the aforesaid order, were to be paid solely by the estate of James Cain, deceased. In his memorandum opinion, the chancellor indicated that, although the commissioner in chancery had made no such finding, it was apparent that the estate of James Cain was insolvent, and that of Mrs. Cain was solvent.

To permit the situation, as it existed before the receivership, to continue pending final determination of the suit, in view of the insolvency of said estate, would result in nothing but loss to the creditors. Hence we conclude that the right to a receivership is clearly indicated, in so far as the estate of decedent, James Cain, is concerned. However, Mrs. Cain, in her brief, insists that she may not be summarily ousted from the management of the joint property, of which she is in possession, simply because

the creditors are entitled to a receiver as to the share of decedent's estate therein.

The sole issue is the correctness of the chancellor's action in placing the management of the entire business property under the supervision of a receiver, especially since there is no showing that Mrs. Cain is insolvent.

As heretofore indicated, no affirmative steps seem to have been taken by decedent's heirs to administer or settle said estate and discharge the indebtedness against the same. No doubt the rights of all parties will be more effectively protected and enforced with the business property— the only source of revenue—under the management of a receiver, subject, however, to the right of Mrs. Cain to her half of the rents, in accordance with the order heretofore mentioned. The appointment of a receiver is a matter within the sound discretion of the chancellor, and which will not be interferred with, except where the facts indicate that there has been an abuse thereof. *Ward* v. *Ward*, 119 W. Va. 527, 194 S. E. 769. We cannot say that the chancellor has abused his discretion here. Of course, the receiver's management of the property is always under the control of the trial chancellor. Should he abuse the discretion vested in him, Mrs. Cain's remedy lies with the trial court.

*Affirmed.*